UNITED STATES of America, Appellee,

v.

**Richard Paul DARUD, Appellant.**

No. 89–5050.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1989.
Decided Sept. 28, 1989.

Daniel M. Scott, Minneapolis, Minn., for appellant.

Elizabeth de la Vega, Minneapolis, Minn., for appellee.

---

**48.** *See Southern Natural Gas Co.,* 42 FERC ¶ 61,261 (1988).

Before ARNOLD and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

In this appeal Richard Paul Darud challenges the sentence imposed on his plea of guilty to charges of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(1)(D). Darud argues that the district court[1] erred in imposing a sentence running consecutively to rather than concurrently with a reinstated term of imprisonment stemming from the revocation of his parole with respect to an earlier conviction. We find Darud's claim without merit, and affirm.

The facts from which this controversy is an outgrowth are undisputed. In May, 1983 Darud pleaded guilty to a charge of possession with intent to distribute a Schedule III controlled substance and was sentenced to three years in federal prison plus a three-year term of special parole. On November 17, 1987, before the completion of his special parole term, Darud was involved in an altercation with his landlord, at whom he fired a handgun. Darud missed his landlord but shattered a window in the victim's van. As a result of this incident, Darud was charged with being a felon in possession of a firearm, assault in the fifth degree, property damage, disorderly conduct, and receiving, concealing and discharging a firearm. A month later, on December 17, 1987, Darud threatened another individual with a revolver. Upon his arrest, the police searched Darud's home and found two .22 caliber revolvers and a Uzi submachine gun. Darud was charged, *inter alia*, with terroristic threats in connection with this incident.

On December 18, 1987 the United States Parole Commission issued a parole violator warrant listing the November 17 and December 17 incidents as the reason for its decision to seek the revocation of Darud's parole.[2] After preliminary and final hearings, the Commission found each of the listed violations proved, revoked Darud's parole, and ordered him continued to expiration of his three-year special parole term. Two weeks later, on June 22, 1987, Darud was indicted in federal court for receiving and possessing firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(D), based on the events of December 17, 1987. Darud pleaded guilty and was sentenced to a term of fourteen months imprisonment to be served consecutively to the unexpired sentence on his parole revocation.[3] In so sentencing Darud, the district court rejected his contention, now advanced on appeal, that pursuant to § 5G1.3 of the Federal Sentencing Guidelines, his sentence for the December 17 crime should run concurrently with rather than consecutively to the sentence he was serving following parole revocation.

Darud does not argue that the December 17 crime could not provide the basis for both the revocation of his parole and the imposition of the subsequent sentence, nor is such an argument likely to meet with success. *See Hart v. United States*, 259 F.2d 646, 649–51 (8th Cir.1958) (upholding imposition of sentence on crime committed by parolee and used as basis for revocation of parole, ordered to be served consecutively to reinstated sentence), *cert. denied*, 359 U.S. 918, 79 S.Ct. 595, 3 L.Ed.2d 579 (1959); *United States v. Lustig*, 555 F.2d 751, 753 (9th Cir.1977) (per curiam) (same), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 796 (1978). Darud's sole claim is that both the revocation of his parole (and his resultant reimprisonment for the 1983 crime) and his conviction for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(D) arose out of the December 17, 1987 incident, and that consequently § 5G1.3 of the Federal Sentencing Guidelines[4] is applicable to the sentence imposed for the latter crime and

---

1. The Honorable James M. Rosenbaum, United States District Judge, District of Minnesota.

2. Three charges were listed in the parole violator warrant, two stemming from the November, 1987 incident and one from the December, 1987 incident.

3. Darud was also sentenced to a two-year supervised release term and was ordered to pay a $50.00 special assessment.

4. Section 5G1.3 provides as follows:
   If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant of-

requires that it run concurrently with the prior unexpired term.

We disagree. Darud's unexpired sentence arose not from the December 17, 1987 incident, but from his 1983 conviction for possession with intent to distribute a controlled substance. Darud remained in custody for this offense until the expiration of his parole term. *See* 18 U.S.C. § 4210(a) ("A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced").

Darud's original 1983 conviction and his subsequent conviction for the receipt and possession of firearms clearly did not "arise out of the same transactions or occurrences." Although Darud argues at length concerning this court's need to interpret the "ambiguous" language of § 5G1.3, we think the section reads clearly on its face and simply does not help Darud here. We thus conclude that the district court committed no error in ordering Darud's sentence on his conviction for the receipt and possession of firearms to run consecutive to the sentence he was serving on revocation of his unexpired parole term, and affirm.

fense shall run consecutively to such unexpired sentences, *unless one or more of the instant offenses arose out of the same transactions or occurrences as the unexpired sentences. In the later case, such instant sen*tences *and the unexpired sentences shall run concurrently,* except to the extent otherwise required by law.
(Emphasis added.)