UNITED STATES of America

v.

Robert Andrew
NOTTINGHAM, Appellant.

No. 89–5553.

United States Court of Appeals,
Third Circuit.

Argued Nov. 14, 1989.

Decided March 19, 1990.

Richard Coughlin (argued), Asst. Federal Public Defender, Camden, N.J., for appellant.

Marion Percell (argued), Edna Ball Axelrod, Chief, Appeals Div., U.S. Atty's Office, Newark, N.J., for appellee.

Before HIGGINBOTHAM, Chief Judge,* SCIRICA, Circuit Judge, and HUTTON, District Judge.**

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

This is an appeal from a criminal sentence imposed under the sentencing guidelines. The issue is whether sentencing guideline 5G1.3 mandated the district court to order that defendant's sentence run consecutively to the unexpired term he was serving for a parole violation.[1] The underlying issue is whether guideline 5G1.3, by limiting the discretion of the district court in this situation, conflicted with the enabling legislation, 18 U.S.C. § 3584 (1988).

* The Honorable A. Leon Higginbotham, Jr. became Chief Judge on January 16, 1990.

** The Honorable Herbert J. Hutton, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Since Nottingham's sentencing, the Sentencing Commission has repealed this version of 5G1.3.

## I.

On March 30, 1988, Robert Nottingham was paroled under the mandatory release program from federal prison where he had been incarcerated as a consequence of his third conviction for bank robbery. After his release, he went on a crime spree in several states. Among the criminal acts committed were kidnapping, bank robbery, robbery and auto theft. On July 21, 1988, the defendant was arrested after robbing the Citizens First National Bank in Paramus, New Jersey. Subsequently, the defendant provided a statement outlining the commission of several crimes. He was indicted in the District of New Jersey and charged with kidnapping, auto theft and two bank robberies. He was also charged with bank robberies in the Eastern District of Pennsylvania and the Eastern District of Virginia. The charges in Virginia and Pennsylvania were transferred to the District of New Jersey for disposition in accordance with Rule 20 of the Federal Rules of Criminal Procedure.

Nottingham was under mandatory release supervision when he committed these offenses. In December 1988, before he was sentenced for the current offenses, his mandatory release status was revoked and he was returned to prison to serve the balance of the fifteen-year term originally imposed by the United States District Court for the District of Maryland on February 21, 1975.

On March 30, 1989, pursuant to a negotiated plea agreement, defendant pled guilty to two counts of bank robbery in New Jersey as well as to the bank robbery charges in Virginia and Pennsylvania. 18 U.S.C. § 2113(a)–(b) (1988).

In the pre-sentence report, Nottingham was identified as a career offender by virtue of his three prior bank robbery convic-

The new version of 5G1.3, which would not prohibit the imposition of concurrent sentences to the unexpired term in cases like this one, became effective November 1, 1989. *See infra* Part III.

tions, a categorization he does not deny. Although the guidelines now permit a two-level reduction in the guideline range for acceptance of responsibility by a career offender (guideline 4B1.1 (November 1, 1989)), at the time of sentencing Nottingham was not entitled to such reduction, *United States v. Huff*, 873 F.2d 709, 713–14 (3d Cir.1989). Based upon his offense level of 34 and his criminal history category of VI, both derived in part from his career offender status, the guideline imprisonment range for all counts was 262 to 327 months.

At sentencing on June 9, 1989, Nottingham argued that his sentences for these offenses should be concurrent to the term he was serving as a parole violator. Defendant maintained that the sentencing statute vested the district court with discretion to impose either consecutive or concurrent sentences and that guideline 5G1.3 conflicted with the statute. Nottingham also argued that guideline 5G1.3 permitted the imposition of concurrent sentences when the unexpired term resulted from a parole violation involving the same conduct as the new offenses. The district court disagreed, concluding that the sentencing guidelines eliminated its discretion to impose concurrent sentences, and sentenced Nottingham to 282 months imprisonment to be served consecutively to the unexpired term. The judge commented, however, that he was imposing the consecutive sentence because he felt compelled to do so but that he was otherwise "inclined" to order the sentences to run concurrently. Nottingham filed a timely notice of appeal.

When the appeal raises a question of law or requires construction of the guidelines, our standard of review is plenary. *See United States v. Ortiz*, 878 F.2d 125, 126–27 (3d Cir.1989). We have jurisdiction under 28 U.S.C. § 1291 (1982) and 18 U.S.C. § 3742(a)(1)–(2) (1988).[2]

## II.

The government relies on guideline 5G1.3, which provided:

*Convictions on Counts Related to Unexpired Sentences*

If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

*Commentary*

This section reflects the statutory presumption that sentences imposed at different times ordinarily run consecutively. *See* 18 U.S.C. § 3584(a). This presumption does not apply when the new counts arise out of the same transaction or occurrence as a prior conviction.

Departure would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines.

At the time of sentencing, Nottingham was serving an unexpired sentence. Defendant contends that the current offenses arose out of the same "transactions or occurrences" as the unexpired sentence. We believe that they did not.

On February 21, 1975, Nottingham received a sentence of fifteen years imprisonment for a bank robbery conviction in the District of Maryland. After serving almost six years, he was released on parole. As a result of a new bank robbery conviction in Florida state court, Nottingham was returned to federal prison and served over five more years. As we have noted, he was paroled on mandatory release supervision on March 30, 1988. Therefore, he was on parole when the current offenses were committed. As a result of conviction on these offenses, Nottingham's parole was revoked, effective December 7, 1988, and he was returned to prison.

---

**2.** The district court had jurisdiction under 18 U.S.C. § 3231 (1988).

Nottingham contends that the instant offenses arose out of the same "transactions or occurrences" as his unexpired sentence—by reason of his return to prison under the parole violation—and, therefore, that the consecutive sentence mandate of guideline 5G1.3 does not apply. We disagree. The unexpired sentence arose out of a Maryland bank robbery, not the various crimes that underlie the instant convictions. *See United States v. Darud,* 886 F.2d 1034, 1036 (8th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 747, 107 L.Ed.2d 764 (1990). Therefore, absent other reasons, guideline 5G1.3 would apply in this case.

### III.

Nottingham's second contention is that guideline 5G1.3 directly conflicts with the Sentencing Reform Act of 1984. He relies on 18 U.S.C. § 3584 (1988), which provides:

(a) ... If multiple terms of imprisonment are imposed on a defendant at the same time, *or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively,* except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
(b) ... The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
(c) ... Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

(emphasis added).

The issue is whether the district court has discretion, absent a departure, to impose either concurrent or consecutive sentences to the undischarged term of imprisonment. Because guideline 5G1.3 would not permit a concurrent sentence in this situation, we must examine the explicit language and the statutory scheme of the Sentencing Reform Act of 1984 to determine whether the elimination of discretion is proper.

 We begin by noting that the sentencing guidelines are not legislative enactments but have the force of law. 28 U.S.C.A. §§ 991–998 (West 1985 & Supp.1989); *see United States v. Mistretta,* 488 U.S. 361, 109 S.Ct. 647, 664, 102 L.Ed.2d 714 (1989) (guidelines analogous to court rules). To the extent that the enabling legislation contains specific direction, the guidelines must comport with that direction. *See* 28 U.S.C.A. § 994(a) (guidelines and policy statements promulgated by Sentencing Commission must be "consistent with all pertinent provisions of [title 28] and title 18").

 In this case, the enabling legislation is quite specific. Section 3584(a) grants discretion to the trial court to impose consecutive or concurrent sentences and § 3584(b) directs that the court's decision be informed by the factors listed in 18 U.S.C. § 3553(a). The factors set forth in § 3553(a) contain no specific direction or presumption that a particular sentence be served consecutively or concurrently to an unexpired term. Therefore, the relevant statutory sections do not mandate the district court to impose a consecutive term in this situation. *See United States v. Smitherman,* 889 F.2d 189, 191 (8th Cir. 1989) (in decision mentioning guideline 5G1.3 but avoiding conflict issue, court stated, "Whether to impose a consecutive or concurrent sentence is within the discretion of the court, which shall take into consideration the seven factors set forth in 18 U.S.C. § 3553(a)."); *United States v. Wills,* 881 F.2d 823, 826 (9th Cir.1989) (in decision resolving conflict in favor of discretion, court stated, "[S]ection 3584(a) unambiguously confers [discretion to impose

a concurrent or consecutive sentence] upon the trial judge.")

The government contends, however, that the district court's application of guideline 5G1.3 was correct and that the guideline does not conflict with the enabling legislation. In support of its contention, the government relies on 28 U.S.C.A. § 994(*l*), which provides:

The Commission shall insure that the guidelines promulgated pursuant to subsection (a)(1) reflect—

(1) the appropriateness of imposing an incremental penalty for each offense in a case in which a defendant is convicted of—

. . . . .

(B) multiple offenses committed at different times, including those cases in which the subsequent offense is a violation of section 3146 (penalty for failure to appear) or is committed while the person is released pursuant to the provisions of section 3147 (penalty for an offense committed while on release) of title 18; ...

According to the government, in determining that a sentence must run consecutively to an unexpired sentence being served, the Sentencing Commission complied with § 994(*l*). In fact, the government contends that this section specifically directed the Commission to adopt a guideline like 5G1.3. An analysis of the statute in the context of the legislative scheme, however, does not support the government's position.

Section 994(*l*) is not the statutory basis for guideline 5G1.3. By its terms, this section directs the Commission to adopt guidelines imposing an incremental penalty for multiple offenses committed at different times, including cases for failure to appear (§ 3146) or when the offense is committed while on release pending trial, sentence or appeal (§ 3147). Indeed, the Commission adopted guidelines 2J1.6 and 2J1.7, which provide for sentence enhancement, to implement portions of the statute. Even without the guidelines, however, the Sentencing Reform Act mandates imposition of consecutive sentences in these kinds of cases. 18 U.S.C. §§ 3146, 3147.

Furthermore, § 994(*l*) is a part of the section captioned "Duties of the Commission," 28 U.S.C.A. § 994, which requires every guideline to comport with "all pertinent provisions of [Title 28] and Title 18," *id.* § 994(a). Therefore, the guidelines on this subject must be consistent with 18 U.S.C. § 3584(a), the only statutory section exclusively directed to the issue of consecutive and concurrent sentences for offenses committed during an unexpired term. Indeed, the commentary to guideline 5G1.3 recognizes that § 3584(a) is the statutory provision with which it must conform. *See Wills*, 881 F.2d at 826 ("[A]lthough the language of the guidelines would deprive the judge of discretion, the Sentencing Commission's commentary suggests that the guidelines are not meant to change section 3584(a), but rather to reflect it.") It is difficult to see how § 994(*l*) can trump § 3584(a).

Apparently, the Sentencing Commission has changed its mind and now agrees. The Sentencing Commission has since amended § 5G1.3, effective November 1, 1989. The new guideline and commentary for the amendment provide:

*Imposition of a Sentence on a Defendant Serving an Unexpired Term of Imprisonment*

If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.

*Commentary*

Under this guideline, the court shall impose a consecutive sentence where the instant offense (or any part thereof) was committed while the defendant was serving an unexpired term of imprisonment. Where the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with

the unexpired term of imprisonment. The court should impose a sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

Guideline 5G1.3 (November 1, 1989). The Commission's rationale for the amendment is also significant:

*Reason for Amendment*

This amendment specifies circumstances in which a consecutive sentence is required by the guidelines. Erroneous language in the Commentary to this guideline concerning 18 U.S.C. § 3584(a) is deleted.

Amendment of guideline 5G1.3, 54 Fed. Reg. 21,383 (May 17, 1989).

Of course, this amendment did not apply at the time of Nottingham's sentencing. It is, however, indicative that the Sentencing Commission does not presently agree with the government's position. *Cf. United States v. Cianscewski*, 894 F.2d 74, 78 (3d Cir.1990) (quoting *United States v. Ofchinick*, 877 F.2d 251, 257 n. 9 (3d Cir.1989) ("Inasmuch as the amendment to the guideline is intended to clarify the existing guideline, we may give it substantial weight in determining the meaning of the existing guideline.") (footnote omitted)).

As we have noted, other Courts of Appeals have addressed this issue. In *United States v. Wills*, 881 F.2d 823 (9th Cir.1989), the court determined that guideline 5G1.3 conflicted with § 3584(a). *Id.* at 825. Despite the mandatory language of guideline 5G1.3, the court held, "a judge has discretion to impose a concurrent or consecutive sentence, as a matter of law, under section 3584(a)." *Id.* at 826. The court analyzed the sentencing statutory scheme:

We hold that a judge has discretion to impose a concurrent or consecutive sentence, as a matter of law, under section 3584(a). First, section 3584(a) unambiguously confers that discretion upon the trial judge. Although section 994(a)(1)(D) apparently would allow the Commission to eliminate the discretion, section 994(b)(1) requires that the Commission's guidelines be consistent with the provisions of Title 18, which include section 3584(a). If the guidelines are to be consistent with Title 18, the discretion cannot be taken away.

Second, although the language of the guidelines would deprive the judge of discretion, the Sentencing Commission's commentary suggests that the guidelines are not meant to change section 3584(a), but rather to reflect it.

Also, under this reading of the statutes, the sentencing scheme is internally consistent. A contrary construction of these provisions maximizes conflict, since it would pit section 994(a)(1)(D) and guideline 5G1.3, which would eliminate judicial discretion, against sections 994(b)(1) and 3584(a), which would allow it. No statutory provision can be said to control over the other because enacted last in time; all the statutes were part of the Comprehensive Crime Control Act, ...

*Id.* at 826 (footnote omitted).

In *United States v. Fossett*, 881 F.2d 976 (11th Cir.1989), the court came to a different conclusion. In this case, the defendant escaped while serving a sentence for passing a fraudulent check. Although the defendant argued that the district court had authority to impose a concurrent sentence, the court disagreed and found that guideline 5G1.3 required a consecutive sentence. *Id.* at 980 ("On the facts of this case, the district court could have ordered appellant to serve her sentences concurrently only if the court had followed the procedures for departing from the sentencing guidelines.") (citation omitted). Nonetheless, we believe this decision can be distinguished from our case. As the rationale for the amended guideline makes clear, the facts in *Fossett* carry different sentencing ramifications. Unlike the commission of a crime while serving a term of imprisonment (while on escape), the commission of a crime on parole does not mandate a consecutive sentence.

## IV.

For the foregoing reasons, we will vacate the judgment of sentence and remand for resentencing. The district court may impose either concurrent or consecutive sentences on these convictions.