7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Jerome HICKS, a/k/a Dirt, Defendant-Appellant.
 No. 92-5133.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 8, 1993.
Decided: September 28, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-91-289)
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Douglas Jerome Hicks entered a guilty plea to the charge of being a felon in possession of a firearm. 18 U.S.C.A.s 922(g)(1) (West Supp. 1992). Finding that the challenges to his conviction and sentence lack merit, we affirm.
 
 I.
 
 2
 In 1988 Hicks was convicted in state court of obtaining property by false pretenses and grand larceny. Following his parole for this crime in December 1989, Hicks was found in possession of a stolen firearm and charged in a federal indictment with being a felon in possession of a firearm. His state parole was subsequently revoked, and he resumed serving his state sentence. Following Hicks' guilty plea to the federal charge, the district court sentenced him to 30 months imprisonment to be served consecutively to his state sentence.
 
 II.
 
 3
 Hicks first alleges that the district court failed to comply with Federal Rule of Criminal Procedure 11(f) by failing to establish an adequate factual basis for his guilty plea. He contends that although the district court determined that he had previously been convicted of a felony, it did not inquire into whether his civil rights had been restored or inform him that the "continuing vitality" of the prior conviction was an element of a § 922(g)(1) offense. See United States v. Essick, 935 F.2d 28, 31 (4th Cir. 1991). Hicks does not contend, however, that his civil right to possess a firearm had in fact been restored, and in the absence of such evidence we cannot conclude that Hicks' substantial rights were affected. See Fed. R. Crim. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991), cert. denied, 112 S. Ct. 1703 (1992).
 
 III.
 
 4
 Next, Hicks maintains that the district court incorrectly increased his base offense level on the basis that the firearm that he possessed was stolen. See United States Sentencing Commission, Guidelines Manual, § 2K2.1(b)(4) (Nov. 1991). This issue is waived by Hicks' failure to raise it in the district court. United States v. Davis, 954 F.2d 182, 187 (4th Cir. 1992).
 
 IV.
 
 5
 Hicks next maintains that the district court improperly applied U.S.S.G. § 5G1.3(c) in ordering that his federal sentence run consecutively to his state sentence. Section 5G1.3(c) provides that a consecutive sentence should be imposed for the instant offense "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." In order to determine what constitutes a "reasonable incremental punishment," the background commentary provides that "this guideline is intended to result in an appropriate incremental punishment for the instant offense that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time." U.S.S.G. § 5G1.3, comment. (backg'd.). Thus, in determining a "reasonable incremental punishment" a district court is instructed to approximate the total punishment that it would have imposed had it adjudicated the state parole revocation as well as imposing a sentence for the instant offense.[1]
 
 
 6
 In order to assess the appropriate punishment for the parole revocation, the district court must look, by analogy, to the policy statements contained in Chapter Seven of the guidelines regarding revocation of supervised release, the federal equivalent of state parole. See U.S.S.G. Ch.7. The introduction to Chapter Seven is instructive and makes clear that a violation of supervised release should be treated as a sanction for the defendant's " 'breach of trust' " or "failure to follow the court-imposed conditions of probation or supervised release." U.S.S.G. Ch.7, Pt.A(3)(b). The introductory commentary to Part B of Chapter Seven reinforces this approach:
 
 
 7
 Where a defendant is convicted of a criminal charge that also is a basis of the violation, these policy statements do not purport to provide the appropriate sanction for the criminal charge itself. The Commission has concluded that the determination of the appropriate sentence on any new criminal conviction should be a separate determination for the court having jurisdiction over such conviction.
 
 
 8
 ....
 
 
 9
 ... It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation.
 
 
 10
 U.S.S.G. Ch.7, Pt.B, intro. comment. The text of the policy statement found in U.S.S.G. § 7B1.3(f), p.s. is faithful to the introductory commentary:
 
 
 11
 Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.
 
 
 12
 Hicks' state parole was revoked, and he was serving a state sentence based upon that revocation when sentenced in federal court. This chronology of events does not alter the intent of the Commission that the punishment imposed as a result of a revocation and a sentence for other criminal conduct should be served consecutively, irrespective of whether the revocation occurred first. Indeed, application note five states that "it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation." U.S.S.G. § 7B1.3, p.s., comment. (n.5).
 
 
 13
 Because under Chapter Seven the district court would have ordered that Hicks' sentence for the felon in possession charge run consecutively to his punishment for the parole revocation, had it been responsible for imposing both punishments at the same time, we conclude that the district court properly ordered that Hicks' sentence for the felon in possession charge be served consecutively to that imposed as a result of the state parole revocation. This result achieves a reasonable incremental punishment under U.S.S.G. § 5G1.3(c). Accordingly, we affirm the sentence imposed by the district court.[2]
 
 V.
 
 14
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although 18 U.S.C.A. § 3584(a) (West 1985) gives a sentencing court discretion to impose either a concurrent or a consecutive sentence, the court must follow the procedure for a departure from the guidelines if it imposes a sentence different from that required by the guidelines. United States v. Rogers, 897 F.2d 134, 137 (4th Cir. 1990)
 
 
 [2]
 The district court was correct in its decision to apply subsection (c) of U.S.S.G. § 5G1.3 rather than subsection (a) or (b). Subsection (a) does not apply because Hicks was not serving a term of imprisonment when the instant offense was committed. U.S.S.G. § 5G1.3(a). Subsection (b) does not apply because Hicks' "undischarged term of imprisonment resulted from" violations of his state parole for his prior state convictions, not conduct "that constituted part of the same course of conduct as the instant offense." U.S.S.G. § 5G1.3(b); see United States v. Nottingham, 898 F.2d 390, 393 (3d Cir. 1990)