19 F.3d 13
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Everett Woodrow WILSON, Defendant-Appellant.
 No. 93-5375.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 14, 1994.
Decided March 4, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-91-97-G)
 William C. Ingram, FLOYD, ALLEN & JACOBS, Greensboro, NC, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Everett Woodrow Wilson pled guilty to making a false statement to a financial institution in violation of 18 U.S.C.A. Sec. 1014 (West Supp.1993). He committed the offense while on parole from a sentence for bank embezzlement. Wilson appealed the sentence first imposed by the district court, and we remanded for resentencing. United States v. Wilson, 980 F.2d 259 (4th Cir.1992). By the time he was resentenced, Wilson's parole had been revoked, and a parole revocation sentence of 48-60 months imposed, which the Parole Commission made consecutive to the sentence for the instant offense. On remand, the district court imposed a sentence of ten months. Wilson appeals this sentence, contending that the district court erred in not imposing a sentence concurrent with the parole revocation sentence pursuant to guideline section 5G1.3(b).[1] We affirm.
 
 
 2
 Section 5G1.3 governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment--in this case, a parole revocation term. Subsection (a) of section 5G1.3 did not apply in Wilson's case because he was not serving a term of imprisonment when the instant offense was committed. Subsection (b) did not apply because his "undischarged term of imprisonment resulted from" violations of his federal parole for his prior conviction, not conduct "that constituted part of the same course of conduct as the instant offense." U.S.S.G. Sec. 5G1.3(b); see United States v. Nottingham, 898 F.2d 390, 393 (3d Cir.1990).
 
 
 3
 Under U.S.S.G. Sec. 5G1.3(c), which applies in all other circumstances, the district court was required to impose a consecutive sentence "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." The background commentary to section 5G1.3 explains that the intent of the guideline is to arrive at a sentence which approximates the sentence which would have been imposed had the district court adjudicated both sentences, i.e., the parole revocation sentence and the sentence for the instant offense.
 
 
 4
 Because the successor to parole in the federal system is supervised release, the policies set out in Chapter Seven of the guidelines should be used to determine the appropriate sentence for parole revocation. The policy is unambiguously expressed in the introductory commentary to Part B of Chapter Seven: "It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." See also U.S.S.G. Sec. 7B1.3(f), p.s., & comment. (n.5). The parole revocation sentence and the sentence for the instant offense should be served consecutively, regardless of which sentence is imposed first. U.S.S.G. Sec. 7B1.3, comment. (n.5).[2] Because the Parole Commission had already determined that the parole revocation sentence would run consecutively to the sentence imposed for the instant offense, the district court complied with the guidelines by imposing a sentence which was not concurrent with the parole revocation sentence.
 
 
 5
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 The intent of section 5G1.3 has been clarified by the November 1993 amendment to the commentary. A new application note provides that, if the defendant was on federal parole at the time of the instant offense, and his parole has been revoked, the sentence for the instant offense should be imposed to be served consecutively to the parole revocation term. U.S.S.G. Sec. 5G1.3, comment. (n.4) (Nov.1993)