

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-1995

# United States of America v. Sabarese

Precedential or Non-Precedential:

Docket 95-5160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"United States of America v. Sabarese" (1995). *1995 Decisions.* Paper 299.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/299

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 95-5160


UNITED STATES OF AMERICA

v.

THEODORE M. SABARESE,
                          Appellant.



On Appeal from the United States District Court
        for the District of New Jersey
   (D.C. Criminal Action No. 93-cr-00389-1)



                              Argued October 19, 1995

        Before: SCIRICA, COWEN and ROTH, Circuit Judges

           (Opinion Filed November 28, 1995)



Faith S. Hochberg
United States Attorney
Allan Tananbaum (Argued)
Assistant United States Attorney
Kevin McNulty
Assistant United States Attorney
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102

        Attorneys for Appellee

Nicholas J. Nastasi, Esq. (Argued)
241 South 7th Street
Philadelphia, PA 19106

Richard L., Scheff, Esq.
Gerard M. McCabe, Esq.
Montgomery, McCracken, Walker & Rhoads
Three Parkway – 20th Floor
Philadelphia, PA 19102


Attorneys for Appellant



OPINION OF THE COURT



ROTH, <u>Circuit Judge</u>:

Theodore Sabarese was sentenced to a term of imprisonment by the United States District Court for the District of New Jersey after being sentenced to a term of probation by the United States District Court for the Eastern District of Pennsylvania. He now challenges the New Jersey prison sentence claiming that, pursuant to the United States Sentencing Guidelines, a subsequent sentence for a related offense must be imposed concurrently. He argues that the New Jersey district court was constrained by § 5G1.3 of the Guidelines, read in conjunction with 18 U.S.C. § 3564(b), to impose either a probationary term or a prison sentence of no longer than 30 days.

Finding no merit in Sabarese's challenge, we will affirm the New Jersey district court's sentence.[1]

                                    I.

        Sabarese played a key role in a scheme to defraud financial institutions by obtaining loans that exceeded the market value of the boats and airplanes financed.  Sabarese was convicted after a trial in Pennsylvania on a two-count indictment charging him with making false statements on loan applications in order to obtain financing for non-existent yachts.  After his conviction in Pennsylvania, Sabarese entered a guilty plea on a one-count indictment returned against him in Connecticut.  The Connecticut case was transferred to the Eastern District of Pennsylvania where the judge sentenced Sabarese on the two Pennsylvania counts and the one Connecticut count.

        Under the Sentencing Guidelines, Sabarese could have been sentenced by the Pennsylvania court to a prison term of 24 to 30 months.  The presentence investigation report ("PSI") noted Sabarese's involvement in the "related" New Jersey scheme.  The district court in Pennsylvania agreed that the conduct in New Jersey was related, which allowed the judge to elevate the offense conduct level by two points.  Upon motion of the

---

[1]     When statutory construction or construction of the Sentencing Guidelines is required on appeal, the standard of review is plenary.  United States v. Holifield, 53 F.3d 11, 12-13 (3d Cir. 1995); Moody v. Sec. Pac. Business Credit, Inc., 971 F.2d 1056, 1063 (3d Cir. 1992); United States v. Nottingham, 898 F.2d 390, 392 (3d Cir. 1990).  This court has appellate jurisdiction under 28 U.S.C. § 1291 (1988) and 18 U.S.C. § 3742(a) (1988).

Government, however, the judge granted a substantial downward departure and sentenced Sabarese to concurrent five-year probationary terms, conditioned on three months house arrest and a payment of restitution in the amount of $1,170,511.

After he was convicted and sentenced in Pennsylvania, Sabarese pled guilty to the charges brought against him in New Jersey. The New Jersey indictment charged Sabarese with a total of thirty counts: one count of conspiracy, six counts of bank fraud, and twenty-three counts of wire fraud. These counts stemmed from a conspiracy to obtain financing for airplanes. The New Jersey judge concluded that the airplane fraud was not related to the boat fraud in Pennsylvania.

Under the Sentencing Guidelines, Sabarese could have been sentenced to prison for a term of 24 to 30 months for the New Jersey convictions. However, because of Sabarese's substantial assistance, the Government again moved for a downward departure. The New Jersey district court granted the Government's motion, sentencing Sabarese to sixteen months imprisonment, three years supervised release, and restitution totalling $439,000.

## II.

Sabarese's principal argument is that the language of §5G1.3 of the Guidelines required the district court in New Jersey to impose a sentence that would run concurrently with the sentence imposed in the Eastern District of Pennsylvania. The parties agree that the 1988 version of the Guidelines applies in this case. In 1988, § 5G1.3 provided:

4

> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences.  In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.3 (Oct. 1987).  Sabarese claims that the district court in New Jersey was bound by the finding in the Eastern District of Pennsylvania that the fraud schemes were "relevant and related."  He argues that the term "relevant and related" is defined in § 1B1.3 of the Guidelines and should be construed as being synonymous with the phrase "a[rising] out of the same transactions or occurrences" of § 5G1.3.  He then contends that the "relevant and related" finding in the Eastern District of Pennsylvania, taken together with the language of § 5G1.3, mandates a sentence that would run concurrently with Sabarese's unexpired Pennsylvania probationary term.[2]

Sabarese next turns to 18 U.S.C. § 3564(b) and argues that the only type of sentence which can run currently with a sentence of probation is a sentence of imprisonment for less than thirty days or a sentence of probation.  Section 3564(b) provides in pertinent part:  "A term of probation does not run while the

---

[2]     Sabarese also argues that the doctrine of collateral estoppel should bar the Government from arguing in a subsequent trial that the New Jersey transactions were not relevant and related to the Pennsylvania transactions because a prior court positively concluded that the transactions were in fact relevant and related.  Because our holding relies solely on the construction of § 3564(b) and Guideline § 5G1.3, we need not reach this issue.

defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days."  18 U.S.C. 3564(b). Combining this language with his § 5G1.3 argument, Sabarese concludes that the district judge was constrained by the Guidelines and § 3564(b) to impose a sentence of imprisonment of less than thirty days imprisonment or a sentence of a concurrent probationary term.  We disagree.

We hold that the district judge in New Jersey was not so confined in imposing sentence by the provisions of § 3564(b). This section merely clarifies that a term of probation will run only during a concurrent term of probation or during a sentence of imprisonment of less that 30 consecutive days.  Section 3564(b) does not require that a subsequently imposed sentence be of any certain term or of any particular type, such as a sentence of incarceration, of a fine, of community confinement, or of probation.  There is no reason to believe that either Congress or the Sentencing Commission intended § 5G1.3 and § 3564(b) to be read in a conjunctive or restrictive manner.  Moreover, the use of the term "sentence" in § 5G1.3 clearly refers to a sentence of imprisonment.  Otherwise, the language of § 5G1.3 would make no sense.  A sentence imposing a fine cannot run concurrently or consecutively with a sentence of 12 months imprisonment.

Moreover, even if the Pennsylvania and the New Jersey offenses were considered to arise from the same transaction or occurrence, the Guidelines provision in § 5G1.3 could not trump the statutory provision of § 3564(b).  See United States v.

6

Nottingham, 898 F.2d 390, 393 (3d Cir. 1990). Indeed, even if the offenses did arise from the same transaction or occurrence, the "except to the extent otherwise required by law" language of § 5G1.3 would incorporate by reference into § 5G1.3 the provision of § 3564(b) that a term of probation may not run concurrently with a sentence of imprisonment (unless that sentence of imprisonment is for less that 30 consecutive days). If the term of imprisonment cannot run concurrently with the sentence of probation, the terms of imprisonment and of probation will have to run consecutively. It is distorted logic to interpret §3564(b) to permit a sentence, imposed pursuant to a two-count indictment, to limit a sentence, imposed on the basis of a thirty-count indictment, simply because the two-count indictment was tried first. We reach this conclusion whether the offenses are "related" or not.[3]

We conclude, therefore, that the sentence of the sixteen month term of imprisonment was properly imposed by the district court in New Jersey and that Sabarese must serve that term; his sentence to three-years of supervised release will then run concurrently with the five-year probationary term imposed in the Eastern District of Pennsylvania.

---

[3]     Because we find that the provisions of § 3564(b) do not place a 30 day limit on the term of imprisonment which can be imposed on a defendant who has been sentenced to a prior term of probation on a "related" offense, we do not need to go on to determine whether "related" as defined in § 1B1.3 of the Guidelines is synonymous with the phrase "arose out of the same transaction or occurrences" of § 5G1.3. Nor are we required to determine if the New Jersey district court was bound by the "relatedness" finding of the Pennsylvania court.

7

III.

       For the foregoing reasons, the judgment of sentence imposed on Sabarese by the New Jersey district court will be affirmed.[4]

---

[4]      Because we will affirm Sabarese's New Jersey sentence, we will not consider Sabarese's request to assign the case to a different judge for resentencing.  We note, however, that it is the standard practice in this circuit to assign a case on remand to the judge who originally heard it.  See United States v. Baylin, 696 F.2d 1030, 1042 n.30 (3d Cir. 1982).