

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-1997

# USA v. Higgins

Precedential or Non-Precedential:

Docket
97-5006

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"USA v. Higgins" (1997). *1997 Decisions*. Paper 244.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 17, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5006

UNITED STATES OF AMERICA,

      Appellant.

v.

KENNETH HIGGINS

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Cr. Action No. 95-cr-00206)

Argued on September 25, 1997

Before: COWEN, ROTH and LEWIS, Circuit Judges

(Opinion Filed October 17, 1997)

      Faith S. Hochberg,
      United States Attorney
      Kevin McNulty,
      Assistant United States Attorney
      Allan Tananbaum (Argued)
      Assistant United States Attorney
      970 Broad Street
      Room 502
      Newark, NJ 07102

       Attorneys for Appellant

      John H. Yauch, Esquire (Argued)
      Assistant Federal Public Defender
      972 Broad Street
      Newark, NJ 07102

       Attorney for Appellee

OPINION OF THE COURT

ROTH, Circuit Judge:

This is an appeal by the government of a criminal
sentencing order. The defendant, Kenneth Higgins, was

sentenced for an offense committed while serving a previous term of imprisonment. The district court ordered a portion of the sentence to run concurrently with the previously imposed sentence. The issue on appeal is whether the district court properly construed its discretion to order concurrent sentencing in view of Sentencing Guideline S 5G1.3. The district court had jurisdiction under 18 U.S.C. S 3231, and we have jurisdiction over the appeal of the sentence pursuant to 28 U.S.C. S 1291 and 18 U.S.C. S 3742. Because we find that the district court employed an erroneous legal standard, we will vacate the judgment of sentence and remand for resentencing.

I.

On May 5, 1995, a federal grand jury indicted Kenneth Higgins on a charge of conspiring to mail threatening communications as prohibited by 18 U.S.C. S 876, in violation of 18 U.S.C. S 371. While incarcerated in a Maryland state correctional facility, Higgins caused a letter to be sent to a corporate executive in New Jersey. The letter falsely claimed knowledge of a contract to kill the executive. In the letter, Higgins offered for a $2,500 fee to furnish a copy of a tape recording which purportedly contained the name of the person who wanted the executive dead as well as the actual murder solicitation. The executive contacted the FBI, which discovered that Higgins had had his girlfriend send the letter. When questioned, the girlfriend

admitted typing and mailing the letter at Higgins' direction. The FBI determined that Higgins was responsible for 10 identical letters which had been sent to executives throughout the country.

Following his indictment, Higgins pled guilty to conspiracy to commit mail fraud, a charge carrying a statutory maximum sentence of 5 years. At the sentencing hearing on December 11, 1996, Higgins did not dispute the length of the 5-year term of imprisonment imposed, which was less than his Guidelines range of 77 to 96 months.[1] Higgins did request, however, that the court exercise its discretion to run all or part of the 5-year sentence concurrently to his previously imposed state sentence. In response, the government argued that, because Higgins' offense was committed while he was serving a term of imprisonment, Sentencing Guideline S 5G1.3(a) mandated that the 5-year sentence be imposed consecutive to his state sentence.

Citing our decision in United States v. Nottingham, 898

F.2d 390 (3d Cir. 1990), the district court held that, notwithstanding the mandatory language of S 5G1.3(a), a trial judge had discretion under 18 U.S.C. S 3584(a) to order a sentence to run concurrently or consecutively. Believing that a 5-year consecutive sentence would be excessive punishment in Higgins' case,[2] the court ordered that 48 months of the sentence would run concurrently to his undischarged state sentence and 12 months would run consecutively.

_____

1. The Guideline range was a product of the offense level of the mail fraud charge and Higgins' long criminal history. Higgins had previously been convicted of rape, assault with intent to rape and battery, robbery with a deadly weapon, and assault with intent to maim. He had also been convicted of a number of offenses committed while in detention. Since 1987, he had been serving essentially a 35-year sentence in the so-called "Super Max" Maryland Correctional Adjustment Center.

2. The court found that Higgins, who was already 27 years of age and had been in prison from age 17, would not be eligible for release from his state sentence for at least 7 to 10 years. The judge stated that incarcerating Higgins for an additional 5 years would not be cost effective, fair, or just, and that Higgins should exercise this "opportunity
for redemption" while he was still relatively young.

3

II.

Our review of a construction of the Sentencing Guidelines is plenary. United States v. Oser, 107 F.3d 1080, 1083 (3d Cir. 1997); United States v. Holifield, 53 F.3d 11, 13 (3d Cir. 1995). On appeal, the government argues that the district court erred in its reliance on Nottingham and that the court did not have discretion to order any portion of Higgins' sentence to run concurrently. In particular, the government contends that, unlike the version of S 5G1.3(a) criticized in Nottingham, the amended S 5G1.3(a) reposits sufficient overall discretion with the sentencing court to be compatible with 18 U.S.C. S 3584(a). Higgins, on the other hand, maintains that S 5G1.3(a) is invalid to the extent that it removes any of the trial court's discretion to order concurrent sentencing and that the court had discretion in any event to order a downward departure from the guidelines. We hold that the court below misapplied Nottingham and that it misconstrued its discretion under S 5G1.3.

III.

The United States Sentencing Commission is empowered under 28 U.S.C. S 994(a) to promulgate guidelines for sentencing courts to use, including "a determination whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively." 28 U.S.C. S 994(a)(1)(D) (1994). While not legislative enactments, the guidelines are binding on courts with the force of law. See Mistretta v. United States, 488 U.S. 361, 391 (1989) ("[T]he Guidelines bind judges and courts in the exercise of their uncontested responsibility to pass sentence in criminal cases."); Nottingham, 898 F.2d at 393. Section 5G1.3 of the guidelines provides:

> S 5G1.3 Imposition of a Sentence on a Defendant
> Subject to an Undischarged Term of Imprisonment
>
> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the

> instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. S 5G1.3 (1995).

Thus, in two instances S 5G1.3 removes a sentencing court's discretion to impose a concurrent or consecutive sentence: (1) when the subsequent offense was committed while serving (or awaiting to serve) a term of imprisonment, in which case consecutive sentencing is mandatory; and (2) when the prior offenses have already been taken into account in determining the offense level, in which case concurrent sentencing is mandatory. In any other

circumstances, the choice of a concurrent or a consecutive sentence is at the discretion of the district court.

The district court relied on our decision in United States v. Nottingham for the proposition that S 5G1.3(a) is invalid because that section, which mandates a consecutive sentence, conflicts with 18 U.S.C. S 3584(a), which provides generally that a district court has discretion to order either a concurrent or consecutive sentence. In Nottingham, the defendant had been convicted of a series of offenses committed while on parole. At that time, S 5G1.3 provided:

> Convictions on Counts Related to Unexpired Sentences
>
> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one

> or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. S 5G1.3 (1987). Because the Guideline left no discretion to impose concurrently any part of the sentence for the new offenses, the district court sentenced the defendant to 282 months imprisonment consecutive to the 15-year balance of his unexpired term. On appeal, the defendant argued that the elimination of a trial court's discretion to impose a sentence concurrently or consecutively was in direct conflict with 18 U.S.C. S 3584(a), which provides in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Holding that the Guidelines on the subject of consecutive and concurrent sentences "must be consistent with 18 U.S.C. 3584(a)," we vacated the sentence for the reason that S 5G1.3 could not usurp the district court's discretion to impose a concurrent sentence. Nottingham, 898 F.2d at 394.

The government urges us to distinguish Nottingham on
the grounds that the version of S 5G1.3 in dispute here is
substantially different from the version criticized in that
case. The 1987 version of S 5G1.3 removed all of a trial
court's discretion to order concurrent sentencing in any
case where the defendant was serving an unexpired
sentence. By contrast, under the current S 5G1.3, the
sentencing court retains discretion to impose a concurrent
or consecutive sentence in the class of cases where the
defendant is subject to an undischarged term of
imprisonment, yet has not committed the instant offense
while serving or awaiting to serve a term of imprisonment.

6

In fact, by the time we decided Nottingham, the
Sentencing Commission had already amended S 5G1.3. We
noted that the rationale for this amendment was an
attempt to reconcile the scope of the Guideline with the
provisions of 18 U.S.C. S 3584(a). Nottingham, 898 F.2d at
395. In view, therefore, of the Commission's awareness of
the conflict between the statute and the Guideline and in
further view of the subsequent amendments to S 5G1.3,3 we
conclude that our decision in Nottingham is no longer
relevant in assessing the validity of the present S 5G1.3(a).

For this reason, we find that the district court's reliance
on Nottingham in defining its discretion to impose a portion
of Higgins' sentence concurrently was misplaced.

IV.

Having determined that Nottingham does not govern the
outcome here, the question remains whether the revised
S 5G1.3(a) is nevertheless invalid because it deprives a
sentencing court of some of its discretion to impose
concurrent or consecutive sentences under 18 U.S.C.
S 3584(a). Higgins contends that, even if the current version
of S 5G1.3 has returned a measure of discretion to the
sentencing courts, the conflict with the statutory authority
persists. According to Higgins, the court's discretion cannot
be limited by a sentencing guideline in any way, provided
the court complies with the terms of S 3584(b) and
considers the factors in 18 U.S.C. S 3553(a) in its decision
to impose a sentence concurrently or consecutively to an
undischarged term. The government argues, however, that
the guideline is a permissible channeling of a court's
discretion or, in the alternative, that complete discretion is
still available through application of the standard Guideline
departure procedures.

A Guideline cannot trump a statute with which it conflicts. See United States v. Sabarese, 71 F.3d 94, 96 (3d Cir. 1995); Nottingham, 898 F.2d at 394. However, where the text permits, a rule, guideline, or regulation should be

_____

3. The Commission amended S 5G1.3 in 1989, 1991, 1992, 1993, and to its present form in 1995.

interpreted harmoniously with a statute dealing with the same regulatory matter. Rice v. Martin Marietta Corp., 13 F.3d 1565, 1568 (Fed. Cir. 1993); LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Comm'n, 866 F.2d 616, 623 (3d Cir. 1989) (a court should attempt to reconcile seemingly discordant statutes and regulations). A statute and regulation "should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." Silverman v. Eastrich Multiple Investor Fund, L.P., 51 F.3d 28, 31 (3d Cir. 1995) (citation omitted). Thus, a construction of S 3584(a) and S 5G1.3(a) is preferred which does not require that we find the two provisions to be in conflict.

That a court is provided broad, general discretionary powers to impose sentences does not preclude limitation of that discretion in certain cases by the Sentencing Commission. Section 3584(a) does not by its express terms confer limitless discretion on the trial court in all cases. Instead, it states that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively" (emphasis added). "One can . . . read the statutory words `may run concurrently or consecutively' as nonetheless permitting the Commission to write guidelines that say when, and to what extent, terms should be concurrent or consecutive." United States v. Flowers, 995 F.2d 315, 317 (1st Cir. 1993) (Breyer, C.J.); cf. United States v. Gondek, 65 F.3d 1 (1st Cir. 1995) (finding no clash between the broad discretion under S 5G1.3(c) of the Guidelines and a restrictive directive in the application notes). We find no inherent conflict between the general discretion granted under S 3584(a) and the limitation of that discretion in certain instances by the Guidelines. See Holifield, 53 F.3d at 13 (discretion employed by a sentencing court under 18 U.S.C. S 3584(a) to run a sentence consecutively or concurrently is "subject to S 5G1.3"); see also Oser, 107 F.3d at 1083 (observing that

S 5G1.3 guides a district court's discretion). Where the Sentencing Guidelines prescribe circumstances, under

which the court should impose the sentence either consecutively or concurrently, a district court is not free to exercise unfettered discretion.4

Our conclusion is reinforced by the reasoning of the Supreme Court in United States v. Gonzales, 117 S. Ct. 1032 (1997). At issue in Gonzales was 18 U.S.C. S 924(c), which mandates that a sentence, for the crime of using or unlawfully carrying a firearm during and in relation to the commission of a federal felony, be imposed consecutively to any other term of imprisonment. The defendant argued that S 924(c) conflicted with the district court's discretion under S 3584(a) to run the sentence concurrently. The Court held that the two statutory provisions were "entirely consistent" because discretion was limited only in a narrow range of circumstances. 117 S. Ct. at 1036. Section 924(c) was not in conflict with the broad language of S 3584(a) because "[i]t leaves plenty of room for a court to run other sentences -- whether for state or federal offenses -- concurrently with one another pursuant to S 3584(a) and USSG S 5G1.3." Id. Similarly, we find that S 5G1.3(a) is not in conflict with S 3584(a) merely because the Guideline limits sentencing discretion in the exceptional case of an offense committed while serving or awaiting a term of imprisonment. In the vast majority of circumstances contemplated by S 5G1.3, courts retain discretion to run sentences concurrently or consecutively.

Here, Higgins had committed his subsequent mail fraud offense while serving a term of imprisonment. The district court believed incorrectly that S 5G1.3(a) was invalid because it conflicted with S 3584(a) and that the court therefore was not constrained to impose a consecutive sentence. Higgins' sentence as imposed by the district court

_____

4. This conclusion is consistent with our opinion in United States v. Oser, 107 F.3d 1080 (3d Cir. 1997). At issue in Oser was the applicability of Guideline S 5G1.3(b), which mandates a concurrent sentence where the undischarged term of imprisonment resulted from offenses fully taken into account in computation of the new sentence. Although this provision is as inhibiting upon a sentencing court's discretion as S 5G1.3(a), the issue was not raised in Oser that S 5G1.3(b) was in conflict with 18 U.S.C. S 3584(a).

was based on an erroneous legal standard and must be vacated.

Finally, we are not persuaded by Higgins' contention that the reasons discussed by the district court for imposing a partially concurrent sentence were sufficient to find that a proper downward departure from the Sentencing Guidelines was made. In order to depart from the Guidelines, the court must find "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described." 18 U.S.C. S 3553(b); see also Koon v. United States, 116 S. Ct. 2035, 2044 (1996). In ordering a downward departure, the sentencing court must adhere to the requirements of 18 U.S.C. S 3553(c)(2), which requires that the court state "the specific reason for the imposition of a sentence different from that described" by the Guidelines. See Oser, 107 F.3d at 1087 (permitting departure provided the court "indicates its reason for imposing the penalty in such a way as to allow us to see that it has considered the [Guideline] methodology") (citation omitted). Here, while the district court made reference to such factors as Higgins' age and the closeness in time of his prior offenses, it neither indicated that these factors were present to an exceptional degree nor provided a cogent rationale for departure. We find such articulation insufficient to satisfy the requirements of S 3553(c)(2).5 On

_____

5. We find it unnecessary to address the government's alternative argument that, while S 5G1.3 may conflict with the language of S 3584(a), the guideline departure mechanism adequately preserves a court's discretion. A few circuits have resolved the apparent conflict in this fashion. See, e.g., United States v. Schaefer, 107 F.3d 1280, 1285 (7th Cir. 1997), petition for cert. filed, (U.S. Jul. 3, 1997) (No. 97-5125) (holding that "while S 5G1.3(a) creates a presumption in favor of a consecutive sentence, sentencing judges are free to depart from the Guidelines and order a downward departure, so long as they comply with the procedures required for downward departure in general outlined in 19 U.S.C. S 3553(c)(2)"); see also Flowers, 995 F.2d at 317, United States v. Shewmaker, 936 F.2d 1124, 1127-28 (10th Cir. 1991), cert. denied, 502 U.S. 1037 (1992); United States v. Stewart, 917 F.2d 970, 972-73 (6th Cir. 1990); United States v. Miller , 903 F.2d 341, 349 (5th Cir. 1990); Fossett, 881 F.2d at 980. We emphasize, however, that the power of the district courts to depart from the Sentencing Guidelines is not unfettered.

10

resentencing, however, the issue of a downward departure can be considered by the district court if such an application is made.

V.

For the foregoing reasons, we will vacate the judgment of sentence and remand for resentencing in a manner not inconsistent with this opinion and the Sentencing Guidelines.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

11