**UNITED STATES of America,**

v.

**Richard A. ROK, Appellant.**

**No. 02–3181.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 29, 2003.

Decided Aug. 6, 2003.

Before SCIRICA, Chief Judge,
RENDELL and AMBRO, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Officer Richard Rok was charged with and pled guilty to violating the civil rights of an arrestee under 18 U.S.C. § 242, which prohibits the deprivation of civil rights under color of law. The District Court sentenced Rok to 12 months imprisonment. Rok appeals, arguing that the District Court erred in not granting him a downward departure because, as a police officer, he is more susceptible to abuse in prison, and that the Court incorrectly determined that 12 months was the proper sentence. We will affirm.[1]

Rok argues that the District Court abused its discretion in not granting him a downward departure under 18 U.S.C. § 3553(b), U.S.S.G. § 5K2.0, because he is a police officer and is therefore more susceptible to abuse in prison. Rok relies on *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), in which the Supreme Court upheld a discretionary downward departure for the police officers who participated in the highly publicized beating of Rodney King, based on the assertion that the officers were more likely to be targets of abuse in prison. *Id.* at 112, 116 S.Ct. 2035. As the Court's refusal to grant a departure appears to be based upon the legal determination that *Koon* did not apply to the situation before it, we may review the Court's ruling for abuse of discretion, reviewing its legal conclusions *de novo. United States v. Marin–Castaneda*, 134 F.3d 551, 554 (3d Cir.1998). We agree with the District Court that *Koon* does not apply here because Rok did not present any extenuating circumstances like those presented in *Koon*, beyond the mere fact that he was a police officer, that would form the basis for such abuse. The Court did not abuse its discretion in finding that this was not a sufficient basis for a departure.

Rok also challenges the District Court's calculation of his sentence, contending that because the statutory maximum under § 242 is "not more than one year," and his applicable guideline range was 12 to 18 months, the two provisions are conflicting, and the Court should have followed § 242 and imposed a sentence of *less than* one year. We exercise plenary review over the District Court's construction of the guidelines, *United States v. Higgins*, 128 F.3d 138, 139 (3d Cir.1997), and find no merit in Rok's contention, as his sentence of one year met the criteria of both the guideline range (12 to 18 months) and the statutory maximum (12 months).

For the foregoing reasons, we will affirm the judgment and sentence of the District Court.

---

1. The District Court had jurisdiction pursuant to 28 U.S.C. § 3231, and we have jurisdiction over the Court's final orders under 28 U.S.C. § 1291.