USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1225

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 RINALDO TICCHIARELLI,

 Defendant, Appellant.

No. 98-1226

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 BRADLEY OLIVER BOWEN,

 Defendant, Appellant.

 APPEALS FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]
 [Hon. D. Brock Hornby, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Stahl, Lynch, Circuit Judges.
 
 

 Margaret D. McGaughey, Assistant U.S. Attorney, with whom
James M. Moore, Assistant U.S. Attorney, Timothy W. Wing, Assistant
U.S. Attorney, Jonathan R. Chapman, Assistant U.S. Attorney, and
Jay P. McCloskey, U.S. Attorney, were on brief, for appellee.
 Leonard I. Sharon and Sharon, Leary & Detroy on brief for
appellant Rinaldo Ticchiarelli.
 Eric D. Cook on brief for appellant Bradley Oliver Bowen.
 Bradley Oliver Bowen on brief pro se.

March 19, 1999

 
 

 LYNCH, Circuit Judge. These consolidated appeals arise
out of the criminal cases against co-conspirators Bradley Bowen and
Rinaldo Ticchiarelli for smuggling drugs into this country from
Jamaica. This is their second appearance in this court. In their
first appeal, we vacated the sentences of both men and remanded for
resentencing. See United States v. Bowen, 127 F.3d 9, 15 (1st Cir.
1997). These appeals from that resentencing raise important
questions as to the doctrines which govern the scope of the
proceedings on remand for resentencing, including whether the trial
judge could properly consider, as part of the criminal history at
resentencing, a new conviction which took place between the first
and second sentencings.
 Bowen, through counsel, argues that his second sentence
was improper in that the district court (Hornby, J.) committed
clear error in not revisiting its earlier, unappealed finding that
Bowen was a manager, leader, or supervisor of the conspiracy under
U.S.S.G. 3B1.1(c). Bowen, pro se, argues that the underlying
conviction should be vacated and that the district court erred in
denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal. 
None of the arguments has merit, and we affirm as to Bowen.
 Ticchiarelli's appeal presents more difficult issues. He 
argues that the district court (Carter, J.) erred on remand in
refusing to permit him to challenge the weight of the contraband
used for purposes of calculating the Base Offense Level ("BOL"), a
challenge that was concededly not made at the first sentencing and
which is related to the issue remanded. Using the first issue as
a fulcrum and arguing in the alternative, he also argues that
counsel's performance at the first sentencing, if the weight issue
has been waived, was constitutionally inadequate. Finally, he says
that the court erred in factoring into his criminal history
category a Florida conviction which occurred after his plea and
first sentencing but before his resentencing. We vacate, on the
first and last points, Ticchiarelli's sentence and remand for
resentencing in accordance with this opinion.
 I
 Prior Proceedings
 On their first appeal from their sentences based on
characterizing the majority of the contraband drugs as "hashish
oil," Bowen and Ticchiarelli argued that the use of the term
"hashish oil" in Sentencing Guideline 2D1.1 without a definition
(prior to November 1995) was unconstitutional. Alternatively, they
argued that the rule of lenity required any ambiguity in the
definition of "hashish oil" to be resolved in their favor namely,
that they were entitled to a finding that the substance they
smuggled, a marihuana-based substance, was not hashish oil for
sentencing purposes. Bowen did not, however, challenge the
district court's finding that his role in the offense warranted an
increase pursuant to Sentencing Guideline 3B1.1(c). And
Ticchiarelli chose not to challenge either at the first
sentencing or on appeal the weight of the hashish oil that was
attributed to him. See Bowen, 127 F.3d at 12.
 The court ruled that the definition of hashish oil was
ambiguous, and that the district court should have applied the rule
of lenity and considered the substance at issue to be marihuana,
not hashish oil. See id. at 13-14. This court rejected Bowen's
other claims, vacated the defendants' sentences, and remanded the
case for sentencing pursuant to the opinion. See id.
 II
A. Bowen
 1. Role in the Offense
 After trial Bowen was first sentenced as a manager,
supervisor, or leader of the conspiracy under U.S.S.G. 3B1.1. 
His first appeal raised a number of issues, but did not question
the court's determination that he was a manager or leader. 
 At the second sentencing, Judge Hornby declined to reopen
the managerial role finding, noting there had been no appeal from
that decision at the first sentencing and that, under the law of
the case doctrine, the district court was not required to reopen. 
The court was plainly correct. This is not a question of what
leeway there is to explore on remand an issue directly related to
the matter being remanded. This is rather a question of whether a
party, not having appealed from an aspect of explicit findings and
conclusions at sentencing, is free on remand as to a different
unrelated issue to require the court to hear that aspect again.
 The court's finding, Bowen says, reflects a flawed
interpretation of the Guidelines, and he urges us to review the
decision de novo. See United States v. Camilo, 71 F.3d 984, 986
(1st Cir. 1995) (noting that the review of a district court's legal
interpretation of the Guidelines is de novo). Bowen's argument
misses the relevant point and applicable law. If we reached the
merits of his argument we would recognize that "[t]he determination
of an individual's role in committing an offense is necessarily
fact-specific." United States v. Cruz, 120 F.3d 1, 3 (1st Cir.
1997), cert. denied, 118 S. Ct. 729 (1998). Our review of the
district court's findings, therefore, would be conducted with
"considerable deference." Id. at 3. "Absent an error of law . .
. the sentencing court's determinations [would be] set aside only
for clear error." Id. But the initial question is whether the
district court was correct in not hearing the matter again. The
court was correct on the law and to the extent it had discretion,
there was no abuse of discretion.
 In United States v. Bell, 988 F.2d 247 (1st Cir. 1993),
("Bell II") this court described the general rule as to whether a
criminal defendant on a remand for resentencing may reopen explicit
findings and conclusions which had been left in repose because
there had been no appeal as to them:
 The black letter rule governing this point is that a
 legal decision made at one stage of a civil or criminal
 case, unchallenged in a subsequent appeal despite the
 existence of ample opportunity to do so, becomes the law
 of the case for future stages of the same litigation, and
 the aggrieved party is deemed to have forfeited any right
 to challenge that particular decision at a subsequent
 date. Abandoning this prudential principle would
 threaten the important policy considerations underlying
 the law of the case doctrine, such as stability in the
 decision making process, predictability of results,
 proper working relationships between trial and appellate
 courts, and judicial economy.

Bell II, 988 F.2d at 250 (internal citations and quotation marks
omitted).
 In the proceedings prior to Bell II, the defendant,
Richard Bell, had appealed the district court's finding that his
conviction for receipt and possession of a firearm by a convicted
felon was a "crime of violence." See United States v. Bell, 966
F.2d 703, 703-04 (1st Cir. 1992) ("Bell I"). The district court's
finding triggered a sentence enhancement under the Guidelines'
career offender provision, see U.S.S.G. 4B1.1, and was the sole
ground for Bell's first appeal. See id.; see also U.S.S.G. 4B1.4
(implementing the enhanced sentence provision of the Armed Career
Criminal Act ("ACCA"), 18 U.S.C. 924(e), for defendants with at
least three prior convictions for violent felonies or serious drug
offenses). We agreed with Bell, vacated his sentence, and remanded
for resentencing. See Bell I, 966 F.2d at 707. At resentencing,
Bell "for the first time sought to challenge the validity of his
prior convictions [for violent felonies] and, through that medium,
his ACCA status." Bell II, 988 F.2d at 249. We held that the
district court was not obligated on remand to entertain his belated
challenge. See id. at 250-52.
 Attempting to draw a meaningful distinction between this
case and Bell II, Bowen seizes a clause from a recent decision of
this court, and reaches for an argument. He quotes from Flibottev. Pennsylvania Truck Lines, Inc., 131 F.3d 21 (1st Cir. 1997),
cert. denied, 118 S. Ct. 1806 (1998), a civil case concerning
whether a successor judge, "in the context of a single trial of a
single case in a single court, with no intervening appeal," id. at
25, could depart from a prior holding:
 [T]he venerable law of the case doctrine . . . states in
 the large that, unless corrected by an appellate
 tribunal, a legal decision made at one stage of a civil
 or criminal case constitutes the law of the case
 throughout the pendency of the litigation.

Id. (emphasis added).
 Bowen's argument is that the role-in-the-offense finding
was not "corrected by an appellate tribunal" because it was not
raised by appellant and so the law of the case doctrine cannot
apply here. This argument misses the basic point of the doctrine,
addressed directly in Bell II: findings and conclusions that are
not appealed and are not related to the issues on appeal are
treated as settled, unless they fall within an exception to the law
of the case doctrine. See Bell II, 988 F.2d at 250-51; see alsoUnited States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir. 1991)
(recognizing the presence of "exceptional circumstances" where
there is new evidence in a subsequent trial, the controlling legal
authority has changed, or the court's decision was clearly
erroneous and would work a manifest injustice).
 The law of the case doctrine does maintain some residual
flexibility; this is so even within the particular strictures of a
remand for resentencing. See Bell II, 988 F.2d at 250-51. One
area of flexibility has to do with a blatant error that causes
"serious injustice." See id. at 251. Bowen attempts to fit within
the exception by asserting a blatant error in the district court's
role-in-the-offense finding. If that alleged error remains
uncorrected, he says he might be incarcerated for one year and
seven months longer than the law permits. On this basis, Bowen
tries to lodge his case within an exception to the doctrine. His
efforts are unavailing because the record provides more than
adequate factual support for the court's conclusion. This case
does not present a case of manifest injustice. See Cruz, 120 F.3d
at 3 (finding no clear error where the evidence, viewed as a whole,
supported the district court's finding); cf. United States v.
Olano, 507 U.S. 725, 734 (1993) (noting that a plain error, under
Fed. R. Crim. P. 52(b), must have been both prejudicial and obvious
and affected the outcome of the district court proceedings).
 2. Bowen's Pro Se Arguments
 Bowen attempts to raise several arguments that there
was a constructive amendment of the indictment, that he was
entitled to a Fed. R. Crim. P. 29 judgment of acquittal, and that
his sentence was improper because he could not reasonably foresee
the weight of the drugs attributed to him. None of these issues
was reopened by the remand and the district court certainly did not
abuse its discretion in not reconsidering them.
 Bowen, pro se, makes two arguments on appeal related to
the weight of the drugs. One argument goes to the foreseeability
to Bowen of the weight of the drugs resulting from the first trip
involving witnesses Carter and Luker. His counsel at resentencing
questioned the accuracy of the estimates of the weights offered by
those two witnesses. Judge Hornby found there was incentive to
raise this issue at the first sentencing, and so the issue was
waived. Indeed, the issue of plaintiff's connection to the first
load of drugs was explicitly raised at the first sentencing. Judge
Hornby also found that even if he could reopen, he would not do so
because "no new evidence [had] been suggested to [him] to reduce
the amount of the quantity." This latter ground suffices to
sustain the court's exercise of its discretion.
 In his appellate brief, Bowen makes a passing reference
to the more generalized issue of whether the weight of the drugs
was overstated in also including container weights. While, for
reasons stated later, this issue was open on remand, no such
argument was made to the district judge and there was no proffer of
evidence. The issue has, for those reasons, been waived.
B. Ticchiarelli
 1. Drug Weight Calculation
 At his first sentencing, the district court attributed
393 kilograms of hashish oil and 48 kilograms of marihuana to
Ticchiarelli. After applying the fifty-to-one conversion ratio to
the hashish oil, the court attributed the equivalent of 19,698
kilograms of marihuana to Ticchiarelli. This amount corresponded
to a BOL of 36, see U.S.S.G. 2D1.1(c), and a guideline sentencing
range of 188-235 months' imprisonment (assuming a criminal history
category of I). See U.S.S.G. 5A.
 Our remand after the first appeal instructed the district
court to treat the hashish oil as marihuana. See Bowen, 127 F.3d
at 15. This change alone helped to produce a dramatically reduced
sentence, as 441 kilograms of marihuana corresponds to a BOL of 28,
see U.S.S.G. 2D1.1(c), and a sentencing range of 78-97 months'
imprisonment (assuming a criminal history category of I). SeeU.S.S.G. 5A.
 Ticchiarelli first questioned the calculated weight of
the drugs at his resentencing. The assigned weight overcounts
Ticchiarelli's liability, he claims, because it includes the weight
of the containers as well as the contraband and it also includes
some double counting of the contraband. He asked for an
evidentiary hearing to offer proof of his claims. The court
refused to consider the issue, finding that Ticchiarelli had waived
this argument by failing to raise it at his initial sentencing. 
The court did not find the offer of proof insufficient; rather, the
court found the entire topic foreclosed.
 Ticchiarelli responds that there was no waiver because he
lacked the incentive to question the weight at the first
sentencing. According to Ticchiarelli, the district court's
calculation of 19,698 kilograms of marihuana would have to have
been in error by over 9,698 kilograms or almost 22,000 pounds 
for Ticchiarelli to have reduced his BOL. See U.S.S.G. 2D1.1(c)
(designating a BOL of 36 for at least 10,000 kilograms but less
than 30,000 kilograms of marihuana).
 The government believes that because Ticchiarelli
declined five opportunities (by the government's count) to
challenge the weight of drugs attributed to him, he has waived his
right to any such challenge. The government also says that the law
of the case doctrine bars Ticchiarelli's claim. Finally, the
government contends that there was no abuse of discretion in the
district court's decision not to reopen this issue on remand.
 We review a district court's denial of an evidentiary
hearing for abuse of discretion. See David v. United States, 134
F.3d 470, 477 (1st Cir. 1998). Abuse of discretion includes errors
of law. See United States v. Snyder, 135 F.3d 65, 67 (1st Cir.
1998) (noting that a per se abuse of discretion occurs when a
district court commits an error of law).
 On direct appeal, the courts of appeal have statutory
power under 28 U.S.C. 2106 to "vacate" a sentence and to "remand
the cause and . . . require such further proceedings to be had as
may be just under the circumstances." 28 U.S.C. 2106; seegenerally United States v. Rodriguez, 112 F.3d 26 (1st Cir. 1997). 
The "mandate rule" generally requires that a district court conform
with the remand order from an appellate court. See Bowen, 127 F.3d
at 15; Bell II, 988 F.2d at 251. The district court, in rejecting
Ticchiarelli's plea for an evidentiary hearing before his
resentencing, explained that this court's remand precluded
consideration of Ticchiarelli's new challenge. Nothing in our
mandate directly required the district court to consider the weight
issue or not to do so. We have on occasion directed that certain
related issues be reconsidered on a sentencing after remand, but
did not do so here. See, e.g., United States v. Valle, 72 F.3d
210, 218 (1st Cir. 1995) (ruling that because the court's reversal
of one count might affect the sentencing calculus in regard to the
affirmed count, the case was remanded for "possible reconsideration
of the sentence originally imposed" on the affirmed count); seealso United States v. Royal, 100 F.3d 1019, 1026 (1st Cir. 1996)
(noting that if a defendant can show that a factual dispute exists
which, if resolved in his favor, would entitle him to relief, then
he would be entitled to an evidentiary hearing).
 The court did not articulate the precise basis for its
finding of waiver. Further, there was little precedent from this
circuit to provide guidance. If the court meant that the weight
calculation was plainly material at the first sentencing but
Ticchiarelli chose not to address it on appeal, then we would agree
that such circumstances produce a waiver. But the record does not
suggest that is what happened here. The court may have meant that
even if the issue of weight was not material in the first
sentencing, and became material at resentencing only as a
consequence of the remand, that there was a waiver nonetheless
because Ticchiarelli failed to raise it in the first proceeding. 
If that latter meaning was intended, then the court applied an
erroneous standard for what constitutes waiver.
 There has been some debate among the circuit courts of
appeals as to the proper standard for determining waiver under
these circumstances. Compare United States v. Moore, 83 F.3d 1231,
1235 (10th Cir. 1996) (allowing de novo resentencing after remand),
and United States v. Jennings, 83 F.3d 145, 151 (6th Cir. 1996)
(same), and United States v. Atehortva, 69 F.3d 679, 685 (2d Cir.
1995) (same), and United States v. Ponce, 51 F.3d 820, 826 (9th
Cir. 1995) (same), and United States v. Cornelius, 968 F.2d 703,
705 (8th Cir. 1992) (same), with United States v. Whren, 111 F.3d
956, 960 (D.C. Cir. 1997) (holding that only the issues related to
the remand can be raised in a subsequent appeal), and United Statesv. Parker, 101 F.3d 527, 528 (7th Cir. 1996) (same). The Sixth
Circuit has identified the basic problem. It is irrational to
create a system in which:
 [criminal] defendants would be forced to litigate every
 aspect of the sentencing report in the original hearing,
 even though irrelevant to the immediate sentencing
 determination in anticipation of the possibility that,
 upon remand, the issue might be relevant. Such "front
 loading" would unnecessarily increase the burden on the
 district courts and this court.

Jennings, 83 F.3d at 151. This reasoning led the Sixth Circuit to
adopt what it characterized as a de novo approach to resentencing
on remand. See id.
 The Seventh and D.C. Circuits have adopted a different
view, finding that "only an issue arising out of the correction of
the sentence ordered by [the court of appeals can] be raised in a
subsequent appeal." Parker, 101 F.3d at 528; see id. ("A party
cannot use the accident of a remand to raise in a second appeal an
issue which could just as well have been raised in the first appeal
because the remand did not affect it."); see also Whren, 111 F.3d
at 959-60. We are persuaded by the reasoning of the D.C. Circuit
and hold, as it did, that "upon a resentencing occasioned by a
remand, unless the court of appeals [has expressly directed
otherwise], the district court may consider only such new arguments
or new facts as are made newly relevant by the court of appeals'
decision whether by the reasoning or by the result." Whren, 111
F.3d at 960. In addition, we hold, along with Whren, that:
 A defendant should not be held to have waived an issue if
 he did not have a reason to raise it at his original
 sentencing; but neither should a defendant be able to
 raise an issue for the first time upon resentencing if he
 did have reason but failed nonetheless to raise it in the
 earlier proceeding. Under our approach a defendant may
 argue at resentencing that the court of appeals' decision
 has breathed life into a previously dormant issue, but he
 may not revive in the second round an issue he allowed to
 die in the first.

Id.
 Whether there is a waiver depends not, as the government
suggests, on counting the number of missed opportunities (hearings,
motions, etc.) to raise an issue, but on whether the party had
sufficient incentive to raise the issue in the prior proceedings. 
See United States v. de la Cruz-Paulino, 61 F.3d 986, 994 n.5 (1st
Cir. 1995) (noting, in the context of Fed. R. Crim. P. 12, that
"government violations of Rule 12(d)(2) should excuse a defendant's
failure to move to suppress evidence prior to trial . . . since
defendants have no incentive to move to suppress evidence that the
government will not be introducing"); see also Whren, 111 F.3d at
960. This approach requires a fact-intensive, case-by-case
analysis. Using such an analysis, we conclude there was no waiver
and it was error not to consider the proffer as to the weight issue
on remand.
 The record here provides ample explanation for
Ticchiarelli's earlier silence. After Ticchiarelli pled guilty in
September 1995, his co-defendant Bowen went to trial, before Judge
Hornby, and was convicted on February 2, 1996. Ticchiarelli joined
Bowen's objection to the PSR's determination that the contraband
was hashish oil, and the cases were consolidated to determine how
the court should denominate the substance under the Sentencing
Guidelines. See United States v. Ticchiarelli, 943 F. Supp. 77,
77-78 (D. Me. 1996), vacated sub nom United States v. Bowen, 127
F.3d 9 (1st Cir. 1997). Judge Hornby conducted an evidentiary
hearing for these cases on August 9, 1996. His order, issued on
October 2, 1996, held that the substance was hashish oil. SeeTicchiarelli, 943 F. Supp. at 83. The District Court Clerk's
Office then scheduled Bowen's sentencing before Judge Hornby and
Ticchiarelli's sentencing before Judge Carter. See id.
 By the time of Ticchiarelli's first sentencing on
November 7, 1996, the district court had already issued a final
ruling, memorialized in a published order, that the contraband was
hashish oil. Ticchiarelli had no incentive, given such a ruling,
to challenge the determined weight of the contraband by raising an
argument that the weight included the weight of containers and some
double counting. That is because, even if the weight were lessened
to take account of containers and double counting, it would make no
difference under the hashish oil weight ranges, if he could not
reduce the amount of hashish oil by more than 194 kilograms. 
Ticchiarelli claims that he could not reduce the weight by this
amount, and the district court did not hear any evidence on the
question. Absent some evidence, we cannot say there is nothing to
Ticchiarelli's claim. Ticchiarelli's challenge may, in contrast,
make a difference in the marihuana weight ranges. Our waiver
doctrine does not require that a defendant, in order to preserve
his rights on appeal, raise every objection that might have been
relevant if the district court had not already rejected the
defendant's arguments. See Atehortva, 69 F.3d at 684-85
(permitting government to make argument at resentencing when there
was no reason to do so at first sentencing).
 Ticchiarelli says he is able to produce evidence as to
weight of containers and double counting which will succeed in
subtracting several months from his sentence, evidence which he had
no incentive to raise earlier. That possibility persuades us that
the district court abused its discretion in finding a waiver and
refusing to consider the proffer. We foreshadow nothing as to
whether the evidence of over-weighing is to be credited when the
district court considers it on remand.
 2. Florida Conviction
 Ticchiarelli claims that the Maine court improperly
considered his sentence arising out of a 1997 conviction in Florida
to be a "prior sentence" for purposes of U.S.S.G. 4A1.1(a). 
Following 4A1.1(a), the Maine district court added three points
to Ticchiarelli's criminal history, raising his criminal history
category from I to II. Ticchiarelli was convicted and sentenced in
Florida after his first Maine sentencing but before his
resentencing on remand in Maine. He makes several arguments in
support of his position. He argues that the Florida and Maine
convictions are related and should be counted as one sentence, not
as a "prior sentence" under U.S.S.G. 4A1.2(a)(1). Next, he says
that the Maine court lacked the authority to consider post-
sentencing conduct and that doing so amounted to impermissible
double counting. He also asserts that the Maine court infringed
the protections afforded him by the Double Jeopardy Clause of the
Fifth Amendment, a claim which we need not reach.
 a. Related Cases
 Ticchiarelli claims that the Florida and Maine cases are
related. Under the Guidelines, sentences imposed in "related
cases" are to be treated as one sentence for purposes of 
4A1.1(a). See U.S.S.G. 4A1.2(a)(2). Section 4A1.1(a) requires
a sentencing court to "[a]dd 3 [criminal history] points for each
prior sentence of imprisonment exceeding one year and one month." 
U.S.S.G. 4A1.1(a). Ticchiarelli cites 4A1.2(a)(2) of the
Sentencing Guidelines to support his argument that the Florida and
Maine cases are related, but he misreads the Guidelines. By using
the term "related cases," the Guidelines refer "to the relationship
between prior sentences and whether prior sentences should be
counted as one sentence in a defendant's criminal history." United
States v. Troncoso, 23 F.3d 612, 616 (1st Cir. 1994). Section
4A1.2(a)(2) does not govern the court's evaluation of "whether a
prior sentence should be viewed as part of the instant offense." 
Id. (citing United States v. Beddow, 957 F.2d 1330, 1337 (6th Cir.
1992) (same); United States v. Walling, 936 F.2d 469, 471 (10th
Cir. 1991) (same)). Ticchiarelli's claim that his cases are
related has no merit.
 b. Lack of Authority
 Ticchiarelli argues that the Maine court on remand lacked
the authority to consider the intervening Florida sentence as a
"prior sentence" and that it engaged in impermissible double
counting by doing so. We reach only the first of these arguments.
 The Florida court sentenced Ticchiarelli on November 7,
1997, several weeks after the first Maine sentence had been
vacated, but considered the Maine conviction as a "prior sentence"
pursuant to U.S.S.G. 4A1.2(a)(4). Ticchiarelli admits that this
was proper at the time. See U.S.S.G. 4A1.2(a)(4) (instructing a
district court to count a conviction, even when no sentence has yet
been imposed, as a prior sentence under 4A1.1(c)). Ticchiarelli
asserts that the Florida court then added one criminal history
point to his criminal history category ("CHC"). See U.S.S.G. 
4A1.2(4) (directing that where there has been a conviction but no
sentence, a district court should add one point to a defendant's
CHC if a sentence resulting from that conviction would otherwise be
countable).
 On resentencing in Maine, the Maine court assumed that
the defendant's CHC was I but considered the Florida sentence,
imposed a few months earlier, as a prior sentence pursuant to
U.S.S.G. 4A1.2(a)(1), and added three criminal history points to
Ticchiarelli's total. This raised Ticchiarelli's CHC from I to II.
 Ticchiarelli argues that since the Maine sentence
originally imposed was a prior sentence to the Florida sentence,
then the Florida sentence cannot be a "prior sentence" to the Maine
sentence, even at resentencing. Ticchiarelli says that the
guidelines require a sentencing court to focus its inquiry on when
a sentence was first imposed. Ticchiarelli cites to United Statesv. Flowers, 995 F.2d 315 (1st Cir. 1993). But Flowers involved a
very different problem. In Flowers, the court considered whether
a district court could consider a sentence previously imposed for
a crime committed after the offense at issue before the court,
where the conviction (for the previous crime) was obtained before
the immediate sentencing. See id. at 317. Flowers offers no help
here.
 The government argues that at the time of the
resentencing after remand, the Florida sentence was literally a
"prior sentence" and so the Maine court acted appropriately in
considering it under U.S.S.G. 4A1.2(a)(1). The government also
argues the issue should not be reached because the challenged
sentence falls within the range that would apply if the Florida
sentence had not been considered and that another remand from this
court is therefore unwarranted. We turn first to the government's
contention that we should not reach the legal question involved.
 The government argues that even though consideration of
the Florida sentence produced a sentencing range of 108 to 135
months' imprisonment, the actual sentence imposed was 121 months'
imprisonment. The government emphasizes that this sentence falls
within the sentencing range of 97 to 121 months' imprisonment which
would have been used if the Florida conviction had not been
considered. That is true, but insufficient. We have previously
held that "only where it is reasonably clear from the record that
the trial judge would have imposed the same sentence under either
range that an appellate court should leave the sentence intact."
United States v. Ortiz, 966 F.2d 707, 718 (1st Cir. 1992). It is
not "reasonably clear" that the same sentence would result, and so
we move to the merits of Ticchiarelli's claim.
 Because the issue of the meaning of "prior sentence" as
defined in U.S.S.G. 4A1.2(a)(1) is one of law, we review the
district court's determination de novo. See United States v.
Sherman, 156 F.3d 219, 220 (1st Cir. 1998). We begin by examining
the plain language of the guideline definition. Section
4A1.2(a)(1) says that "[t]he term 'prior sentence' means any
sentence previously imposed upon adjudication of guilt, whether by
guilty plea, trial, or plea of nolo contendere, for conduct not
part of the instant offense." The phrase at issue here is "any
sentence previously imposed." There is no dispute that a "prior
sentence" (or a conviction pending sentencing, which is treated as
a prior sentence under U.S.S.G. 4A1.2(a)(4)) must have been
imposed at some point before the sentencing at issue. In this
sense, the word "prior" is given its common meaning as being
"earlier in time or order" and "preceding temporally." Webster's
Third New International Dictionary 1804 (1993); see also United
States v. Perrotta, 42 F.3d 702, 704 (1st Cir. 1994) (stating that,
"in the literal words of the guideline," a sentence imposed in 1978
was prior to a conspiracy which began in 1984); United States v.
Troncoso, 23 F.3d 612, 616 (1st Cir. 1994) (noting that a sentence
imposed three months prior to the sentencing in the instant offense
was a "prior sentence" pursuant to U.S.S.G. 4A1.2(a)(1)). The
question is "prior" to what, the original sentence or the
resentencing sentence?
 In our view, the most sensible reading is that the
guidelines' reference to "prior sentence" means, in this context,
a sentence which is prior to the original sentence which was
vacated and remanded only for resentencing. Thus, the district
court erred in considering the Florida sentence. Such a reading is
most consistent with the mandate rule, discussed extensively
earlier, statutes limiting resentencing, and with the distinction
the law has long drawn between remands where a conviction has been
vacated and remands where only a sentence has been vacated.
 The mandate rule, as we have described it, does not
permit de novo resentencing as to all aspects of a sentence when a
sentence has been vacated. The Florida conviction is neither
related to the reason for the remand nor does it fit within an
exception to the mandate and law of the case doctrines. See BellII, 988 F.2d at 251.
 The ability of a court to modify a term of imprisonment
is governed by 18 U.S.C. 3582(c), which provides, in relevant
part:
 The court may not modify a term of imprisonment once it
 has been imposed except that . . . (B) the court may
 modify an imposed term of imprisonment to the extent
 otherwise expressly permitted by statute or by Rule 35 of
 the Federal Rules of Criminal Procedure.

18 U.S.C. 3582(c). Like the mandate rule, these statutory
restrictions on the power to resentence suggest that the term
"prior sentence" in U.S.S.G. 4A1.2(a)(1) cannot mean an
intervening sentence imposed after the original sentencing. A
contrary reading implies a greater scope of remand, as though all
matters were reopened, regardless of the reason for the remand. 
But as the statute makes clear, this is not the case. See 18
U.S.C. 3582(c) (regarding the act of resentencing after a
sentence has been vacated on appeal as a "modification" and not the
entry of an entirely new judgment); see also Fed. R. Crim. P. 35(a)
(making clear that the imposition of a legally erroneous sentence
is not a legal nullity and that the act of resentencing after a
sentence has been vacated on appeal involves mere "correction" of
the sentencing judgment and not the entry of an entirely new
judgment).
 The third reason for our reading is that it more
naturally fits into the distinction between what is open on remand
after a conviction has been vacated and what is open on remand when
only a sentence has been vacated. This distinction is made both in
the pre-Guidelines and post-Guidelines eras.
 Where the conviction was vacated, in the pre-Guidelines
era, there was no inherent prohibition on a trial judge considering
intervening criminal conduct between first and second sentencings. 
In North Carolina v. Pearce, 395 U.S. 711, 723 (1969) the Court
stated:
 A trial judge is not constitutionally precluded . . .
 from imposing a new sentence, whether greater or less
 than the original sentence, in the light of events
 subsequent to the new trial that may have thrown new
 light upon the defendant's life, health, habits, conduct,
 and mental and moral propensities.

Pearce, 395 U.S. at 723 (quoting Williams v. New York, 337 U.S.
241, 245 (1949)). The Court explained that permitting the trial
judge to consider such evidence after retrial was consistent with
the notion, accepted in Williams, "that the punishment should fit
the offender and not merely the crime." Id. (quoting Williams, 337
U.S. at 247) (internal quotation marks omitted). Of course, this
was subject to the constitutional limit that vindictiveness must
have played no role in the resentencing, see id. at 724, but no
claim of vindictiveness is or could be made here. Pearce involved
starting anew after a conviction no longer existed, see id. at 713;
by contrast here the conviction stands and only the sentence was
vacated in order that it could be corrected.
 Post-Guidelines, it is express, for example, that any
sentence resulting from convictions which have been reversed or
vacated may not be counted as "prior sentences." See U.S.S.G. 
4A1.2, application note 6. The Guidelines thus appear to preserve
the dichotomy between resentencing after a conviction has been
vacated and resentencing after a sentence has been vacated but the
conviction left intact.
 Although not cited to us by either party, a decision of
the Ninth Circuit reaches the opposite conclusion. See United
States v. Klump, 57 F.3d 801, 803 (9th Cir. 1995). The Ninth
Circuit has recently recognized the validity of Klump, although
noting that this conclusion was made in dicta. See United Statesv. Green, 152 F.3d 1202, 1206-07 (9th Cir. 1998); accord United
States v. Real-Hernandez, 90 F.3d 356, 360 (9th Cir. 1996) (citing
Klump). But see United States v. Jones, 114 F.3d 896, 897 (9th
Cir. 1997) (distinguishing Klump and questioning its reasoning). 
Klump does so without much discussion and is evidently premised on
the Ninth Circuit's view that the scope of resentencing even on a
limited remand is de novo. See Klump, 57 F.3d at 802. We have
rejected that premise and reject the Klump conclusion.
 Our conclusion that the district court erred rests on our
interpretation of U.S.S.G. 4A1.2(a)(1), as informed by the
mandate rule, 18 U.S.C. 3582(c), and Fed. R. Crim. P. 35(a). If
we are wrong, the Sentencing Commission can specify a different
interpretation.

 Conclusion
 Bowen's sentence is affirmed. Ticchiarelli's sentence is
vacated and remanded for resentencing in accordance with this
opinion. The district court should consider whether the proffer
warrants conducting an evidentiary hearing on Ticchiarelli's
objection to the calculation of the drug weight on the basis that
it included the weight of containers and some double counting and
resentence him based upon the conclusions drawn. The district
court may not consider Ticchiarelli's Florida sentence as a prior
sentence at resentencing.