**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael RELERFORD, Defendant–Appellant.**

**No. 01–1121.**

United States Court of Appeals, Seventh Circuit.

Argued June 12, 2001.

Decided June 18, 2001.

Before MANION, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

While he was serving a sentence for a federal conviction, Michael Relerford decided to leave the facility without permission—in short, to escape. He was quickly captured, and in due course pleaded guilty to one charge of escaping from the Rock Valley Community Programs facility in Janesville, Wisconsin (a federal correctional institution) in violation of 18 U.S.C. § 751(a). The district court sentenced him to 18 months in prison and ordered, consistently with U.S.S.G. § 5G1.3, that his sentence should be served consecutively to his earlier undischarged term of imprison-

ment. On appeal, Relerford has argued that § 5G1.3, by requiring this type of sentence to be consecutive, impermissibly conflicts with the flexibility mandated by 18 U.S.C. § 3553(a). Generously construing his position, we understand him also to be suggesting that if § 5G1.3 does allow for a concurrent sentence, the district court did not realize that it had the discretion to order one. We find that neither argument has merit, and thus affirm the judgment of the district court.

After Relerford pleaded guilty to the escape offense, the probation office prepared a presentence report that recommended an imprisonment range of 15–21 months. The sentence chosen should be consecutive, the report stated, in keeping with the following language from § 5G1.3(a):

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

Relerford objected to this recommendation and contended that he was eligible for a downward departure from a consecutive to a concurrent sentence. What he described as his lapse in judgment in leaving the Rock Valley facility was attributable, he claimed, to stress he was experiencing in his marriage because his wife was living with another man and to his distress at being unable to attend his grandfather's funeral. The district court listened sympathetically to his reasons, but it denied his request for a concurrent sentence with the following explanation:

> I am not going to depart downward to a concurrent sentence. I'm not persuaded that it's appropriate to do so in your situation, because I think you're a long way from really understanding what

you've done and accepting responsibility for your actions.

The 18–month sentence the judge selected thus runs consecutively to the balance of Relerford's earlier 48–month sentence.

It is true, as Relerford has pointed out in his appellate brief, that 18 U.S.C. § 3553(a) sets forth a list of seven factors that a court is required to take into account in selecting "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" the statute. But his argument overlooks 18 U.S.C. § 3584(a), which specifically says "... if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively...." Section 3584(b) directs the court to consider the factors listed in § 3553(a) when it makes its choice between concurrent and consecutive sentences.

Relerford is not incorrect to point out that there could be some tension between these apparently permissive statutes and the apparently mandatory language of § 5G1.3(a), but this court resolved that tension in *United States v. Schaefer*, 107 F.3d 1280 (7th Cir.1997). There we held that the way to reconcile the guideline with the statutes is to recognize that in cases covered by the guideline, the sentencing court retains the discretion to order a concurrent sentence under § 3584(a). The guideline merely creates a presumption in favor of a consecutive sentence, but the sentencing judge remains "free to depart from the guidelines and order a downward departure, so long as [she] compl[ies] with the procedures required for downward departures." 107 F.3d at 1285. *Accord, United States v. Fossett*, 881 F.2d 976 (11th Cir.1989); *United States v. Rogers*, 897 F.2d 134, 137 (4th Cir.1990); *United States v. Miller*, 903 F.2d 341, 349 (5th Cir.1990); *United States v. Stewart*, 917 F.2d 970, 973 (6th Cir.1990); *United States v. Pedrioli*, 931 F.2d 31, 32 (9th Cir.1991); *United States v. Shewmaker*, 936 F.2d 1124, 1128 (10th Cir.1991); *United States v. Gullickson*, 981 F.2d 344, 349 (8th Cir. 1992); *United States v. Flowers*, 995 F.2d 315, 316–17 (1st Cir.1993). Moreover, § 3553(a) plays an additional independent role in cases falling under § 5G1.3(a), insofar as the sentencing court considers the § 3553(a) factors with respect to the length of a sentence within a given guideline range.

Thus, there was no legal impediment to the district court's use of § 5G1.3(a). Nor did the district judge misunderstand the breadth of her discretion to choose between a consecutive and a concurrent sentence. To the contrary, the transcript of the sentencing hearing makes it clear that the judge knew she had the choice and that she consciously decided that the proper sentence for Relerford was a consecutive one. The question whether the district court exercised her discretion wisely is not properly before this court, for the simple reason that we have no jurisdiction to review a decision not to depart downward (including this kind of structural downward departure).

The judgment of the district court is AFFIRMED.