# UNITED STATES of America

v.

# Reginald GREENE

## Reginald Greene, Appellant

### No. 99–1625.

United States Court of Appeals, Third Circuit.

Argued March 10, 2000

Filed March 27, 2000

Richard D. Malmed (Argued), Philadelphia, PA, for Appellant.

Amy L. Kurland (Argued), Office of United States Attorney, Philadelphia, PA, for Appellee.

BEFORE: BECKER, Chief Judge, NYGAARD, and GARWOOD,* Circuit Judges.

---

* Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. This provision was previously incorporated as U.S.S.G. § 2F1.1(b)(6)(B), but was changed to 2F1.1(b)(7)(B) effective Nov. 1, 1998.

**OPINION OF THE COURT**

NYGAARD, Circuit Judge.

## I. INTRODUCTION

In a non-precedential memorandum opinion filed on March 27, 2000, we addressed several issues raised by Reginald Greene, the appellant in this case. Greene was charged with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count One); RICO Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count Two); bank fraud, in violation of 18 U.S.C. § 1344 (Counts Three through Seventeen); money laundering, in violation of 18 U.S.C. § 1957 (Counts Eighteen through Thirty–One); and forfeiture. Greene entered into an agreement with the government, whereby he entered a plea of guilty to Counts One and Two. On appeal, Greene raised several challenges to his sentence, which we rejected.

In a motion filed on April 5, 2000, the government requested that we publish our memorandum opinion to clarify how U.S.S.G. § 2F1.1(b)(7)(B)[1] should be interpreted. We decline to publish the entire memorandum opinion, but will address in this for-publication opinion the question of whether Section 2F1.1(b)(7)(B)'s sentencing enhancement for an offense affecting a financial institution, in which the defendant derives more than $1 million in gross receipts from the offense, requires that the defendant defraud any single financial institution of that amount. Our memorandum opinion of March 27, 2000, will remain on file, disposing of Greene's additional arguments on appeal.[2]

---

2. To be absolutely clear, this for-publication opinion supersedes only the discussion of the provision now codified at U.S.S.G. § 2F1.1(b)(7)(B) in our memorandum opinion filed March 27, 2000. The memorandum opinion disposes of the rest of the issues raised by Greene.

## II. FACTS AND PROCEDURES

Greene ran a large-scale criminal ring that passed stolen and counterfeited checks in several states. This ring involved more than 60 people, and operated over a period of at least 8 years. Greene was responsible for defrauding 14 banks and other financial institutions out of more than $6 million.

Greene and his lieutenants operated by gathering identifying information from various corporations, and then printing counterfeit checks on accounts belonging to those corporations. Greene distributed these counterfeit checks by sending them through his lieutenants to "squad leaders," who in turn employed numerous people as "passers." These passers opened accounts in false names at various banks and deposited the counterfeit checks. The passers then withdrew the funds from these accounts, wiring or sending the proceeds back to Greene. Greene also stole actual corporate checks, with the assistance of a bank employee. His enterprise cashed these checks, again using passers and fraudulent accounts to transfer the funds.

On August 12, 1998, Greene was indicted in the Eastern District of Pennsylvania. Greene entered into an agreement with the government, whereby he entered a plea of guilty to violating RICO, 18 U.S.C. § 1962(c), and to RICO Conspiracy, in violation of 18 U.S.C. § 1962(d).

Greene now argues that the District Court erred by imposing a 4 point sentencing enhancement under U.S.S.G. § 2F1.1(b)(7)(B). This provision applies when the offense affected a financial institution, and the defendant received more than $1 million in gross receipts from the offense. Greene claims that he did not defraud any single financial institution of more than $1 million, even though cumulatively he was responsible for losses to several financial institutions exceeding this amount. He therefore argues the District Court should not have applied this sentencing enhancement to him.

We disagree, and will affirm the District Court.

## III. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal from a sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"When statutory construction or construction of the Sentencing Guidelines is required on appeal, the standard of review is plenary." *United States v. Sabarese*, 71 F.3d 94, 95 n. 1 (3d Cir.1996). We therefore exercise plenary review over the District Court's determination that U.S.S.G. § 2F1.1(b)(7)(B) does not require that a defendant derive more than $1 million from a single affected financial institution.

## IV. DISCUSSION

Greene admits that he derived more than $1 million by defrauding several financial institutions, but asserts that he did not defraud any single institution of this amount. He argues it was therefore error to enhance his sentence under Section 2F1.1(b)(7)(B). We disagree. The District Court correctly held that U.S.S.G. § 2F1.1(b)(7)(B) does not require that a defendant derive more than $1 million from a single financial institution. This provision states that if the offense:

(B) affected a financial institution *and* the defendant derived more than $1,000,000 in gross receipts from the offense,

then the offense level should be increased by four levels. U.S.S.G. § 2F1.1(b)(7)(B) (emphasis added). " 'Gross receipts from the offense' includes all property, real or personal, tangible or intangible, which is obtained directly or indirectly as a result of such offense." U.S.S.G. § 2F1.1 cmt. (n.16).

As matter of first principles, we read Guidelines provisions for their plain meaning. *See United States v. Wong*, 3 F.3d 667, 670 (3d Cir.1993). Such a plain reading does not support Greene's argument, which inserts a linkage between the affected financial institution and the source of the total gross receipts that does not exist in the plain text. The requirement that a financial institution be affected and the requirement that the defendant derive more than $1 million in gross receipts from the offense are separate and distinct prerequisites.

There is simply no case law that supports Greene's interpretation of this provision. "The plain language of the Guidelines indicates that the defendant must derive a million dollars from the offense, not from the financial institutions." *United States v. Monus*, 128 F.3d 376, 397 (6th Cir.1997), *cert. denied*, 525 U.S. 823, 119 S.Ct. 67, 142 L.Ed.2d 53 (1998).[3] Other Circuit Courts of Appeals have agreed. *See United States v. Kohli*, 110 F.3d 1475 (9th Cir.1997) (holding same); *United States v. Kopshever*, 6 F.3d 1218, 1221 (7th Cir.1993) (holding same). *Cf. United States v. Bennett*, 161 F.3d 171, 192 (3d Cir.1998), *cert. denied*, —— U.S. ——, 120 S.Ct. 61, 145 L.Ed.2d 53 (1999) (not directly addressing this issue, but noting that money derived from offense came from "several" institutions while upholding enhancement under Section 2F1.1(b)(7)(B)).

## V. CONCLUSION

For the reasons stated herein, we affirm the enhancement to Greene's sentence resulting from the application of U.S.S.G. § 2F1.1(b)(7)(B). This provision does not require that a defendant derive more than $1 million from a single financial institution, so long as he or she derived more

than $1 million in gross receipts from the offense.

---

**3.** As it is clear that Greene derived in total more than one million dollars from defrauding several financial institutions, even though not that much from any one financial institution, we need not and do not decide whether the 'more than $1,000,000.00' threshold of Section 2F1.1(b)(7)(B) can be met where all amounts derived from any financial institutions total less than $1,000,000.00, but the total derived from all sources exceeds $1,000,000.00.