**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2107

_____

UNITED STATES OF AMERICA

v.

WILLIAM THOMPSON,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cr-00204-001)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted under Third Circuit LAR 34.1(a)
on May 18, 2023

Before:  SHWARTZ, MONTGOMERY-REEVES and ROTH, Circuit Judges

(Opinion filed: December 5, 2023)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**ROTH**, Circuit Judge

William Thompson appeals the District Court's judgment of sentence which he claims should have departed below his 120-month mandatory minimum because he had already served thirty-six months for state offenses based on similar underlying conduct. Because there are no applicable statutory grounds for departing downward from his mandatory minimum sentence and because none of the criteria for a downward departure under the sentencing guidelines apply, we will affirm.

I.

Thompson was arrested in August 2015 when law enforcement found heroin in his car following a high-speed chase. Thompson pleaded guilty to the state vehicular charges derived from this conduct and received a thirty-six-month sentence. Shortly thereafter, Thompson was charged federally with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i). After serving his state sentence, he was placed in federal custody pending the federal charges.

Thompson was not sentenced for the federal charges until 2020. Because Thompson was considered a career offender, his original guideline range was 262 to 327 months. Prior to sentencing, Thompson requested that the District Court adjust his sentence pursuant to U.S.S.G. §§ 5G1.3 and 5K2.23 "based upon time served on the state sentence deemed to be relevant conduct."[1] The District Court varied downward to 180 months "[p]ursuant to the Sentencing Reform Act of 1984 . . . with credit of the 36

---

[1] Appx. 45–46.

months for the [state offenses] that . . . result[ed] in a sentence to be served of 144 months."[2]

Thompson appealed his federal sentence in February 2020. We vacated and remanded his sentence so the District Court could reconsider Thompson's career offender status in light of *United States v. Nasir*,[3] which held that "inchoate offenses do not qualify as predicate offenses for career offender status."[4] At resentencing, the District Court determined that Thompson no longer qualified as a career offender; he then received a guideline range of 120 to 135 months.[5] The court weighed the § 3553(a) factors and sentenced Thompson to the 120-month mandatory minimum.

II.[6]

Thompson appeals this new sentence on the ground that 18 U.S.C. § 3584 and the sentencing guidelines conjunctively create an unconstitutional framework. He contends that if he had been sentenced on the federal charges while still serving his state sentence, he would have been eligible for a downward departure under U.S.S.G. § 5K2.23.

---

[2] Appx. 94–95.

[3] 982 F.3d 144 (3d Cir. 2020) (en banc).

[4] Appx. 127.

[5] Because there was a 120-month mandatory minimum under 21 U.S.C. § 841(b)(1)(A), the 108-month floor of the new guideline range was not applicable.

[6] The District Court had jurisdiction under 18 U.S.C. § 3231 because Thompson violated a federal statute. We have appellate jurisdiction under 28 U.S.C. § 1291. Because Thompson raises a challenge to the constitutionality of a criminal statute, we review it de novo. *See United States v. Hoffert*, 949 F.3d 782, 787 (3d Cir. 2020). Additionally, "[o]ur review of a construction of the Sentencing Guidelines is plenary." *United States v. Higgins*, 128 F.3d 138, 139 (3d Cir. 1997). Finally, departures from the sentencing guidelines are subject to de novo review. *United States v. Doe*, 564 F.3d 305, 313 (3d Cir. 2009) (superseded on other grounds).

However, because he completed his sentence (*i.e.*, his sentence was discharged), he is no longer eligible. This discrepancy, he argues, in conjunction with the lack of guidance in 18 U.S.C. § 3584 for discharged sentences, violates the Fifth Amendment's guarantee of due process.

Thompson's argument is unavailing.[7] 18 U.S.C. § 3553 sets forth limited circumstances under which courts may impose a sentence below the statutory minimum, and service of another sentence is not one of them.[8]

First, under § 3553(e) the court may impose a sentence below a mandatory minimum when, "[u]pon *motion of the Government*," a defendant has provided "substantial assistance in the investigation or prosecution of another person who has committed an offense."[9] There is no support in the record that this provision applies to Thompson.

Second, under § 3553(f), a court may depart downward from the mandatory minimum when the defendant is safety valve eligible. To be safety valve eligible, five conditions must be met, the last of which requires a defendant to provide to the

---

[7] Much of the dispute between the parties is derived from their differing interpretations of *United States v. Dorsey*, 166 F.3d 558 (3d Cir. 1999). Thompson argues that *Dorsey* stands for the proposition that § 5G1.3(b)(2) mitigates a defendant's sentence by giving them "credit on his federal sentence for all the time he served." *Id.* at 562. On the other hand, the government argues that this notion of credit is "a relic of a bygone era of uncertainty about federal courts' power to award anything resembling sentencing credit." Appellee Br. at 15. We need not address either interpretation because, as the government notes, § 5G1.3(b)(2) pertains to undischarged sentences and Thompson's state sentence was discharged.

[8] *See Dorsey v. United States*, 567 U.S. 260, 285 (2012); *United States v. M. M.*, 23 F.4th 216, 221 (3d Cir. 2021).

[9] 18 U.S.C. § 3553(e) (emphasis added).

Government information about his offense and conduct.[10] There is no evidence that Thompson did so. Therefore, the record does not support a determination that he would be safety valve eligible.

The sentencing guidelines themselves have no independent bearing on our conclusion.[11] U.S.S.G. § 5G1.3(b)(2) states that the "sentence for the instant offense shall be imposed to run concurrently to the remainder of the *undischarged* term of imprisonment."[12] But again, we find Thompson's arguments unpersuasive because Thompson's term of imprisonment was *discharged*. U.S.S.G. § 5K2.23 pertains to discharged terms of imprisonment. The section states that "[a] downward departure *may be appropriate*" if two conditions are met: that the defendant completed his prison term and § 5G1.3 would have provided a basis for adjusting his sentence had it not been complete on the date of sentencing for the instant offense.[13] Those conditions were not met. Moreover, even if Thompson had met them, the plain text of this provision makes clear that a district court "*may*" depart downward but it need not do so.

Because there was no basis for the District Court to depart downward from the mandatory minimum, 18 U.S.C. § 3584 has no bearing on Thompson's sentence, and we need not reach the issue of its constitutionality.

---

[10] 18 U.S.C. § 3553(f)(5).
[11] *Dorsey*, 567 U.S. at 266 (noting that "sentencing statutes . . . trump[] the Guidelines").
[12] U.S.S.G. § 5G1.3(b)(2) (2018) (emphasis added).
[13] U.S.S.G. § 5K2.23 (2018) (emphasis added).

## III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.